In re Bernard BAREN, Debtor.

Bernard BAREN, Plaintiff,

v.

DEVON BANK, Mason Loundy, Illinois Employers Insurance of Wausau, d/b/a Illinois Surplus Lines Underwriters, Inc., Regency Insurance Agents, Inc., Fremont Indemnity Company, d/b/a Alpine Facilities, Ltd., Defendants.

Bankruptcy No. 84 B 3891.

Adv. No. 84 A 499.

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 21, 1984.

Rhonda L. Casady, Chicago, Ill., for Bernard Baren.

Ernest D. Simon, of Greenbaum & Browne, Ltd., Chicago, Ill., for Devon Bank and Mason Loundy.

Mark Stein, of Lord Bissel & Brook, Chicago, Ill., for Fremont Indem. Co.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the Court upon remand of the above entitled proceedings by District Judge Milton I. Shadur. A motion to abstain was brought before Judge Shadur by the Devon Bank, one of the named Defendants. In remanding the matter to this Court, Judge Shadur entered an Order "requiring the Bankruptcy Judge to whom this case is assigned to make an initial determination". The Honorable Lawrence Fisher was the Bankruptcy Judge initially presiding over this case, however, on October 15, 1984, he resigned from the bench and the case was reassigned.

Due to the procedural history of this case, this Court, in making "an initial determination" will, in actuality, be making a determination on related motions to remand now pending before it. Therefore, by way of explanation, this Court shall briefly review that history.

The Debtor, Bernard Baren, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 27, 1984. On April 27, 1984 he filed an Application for Removal to this Court of four state court actions pending in the Circuit Court of Cook County.

On June 14, 1984, the Devon Bank ("Bank") and Mason Loundy moved this Court to have three of the four cases remanded to the Circuit Court. The motion asserts that the fourth case was not the proper subject of a removal application inasmuch as there had been a final disposition of the case by the Illinois Appellate Court.

On July 27, 1984, while the Bank's motion to remand was still pending, the Bank

filed a motion to abstain pursuant to the new abstention provisions of 28 U.S.C. § 1334 contained in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, ("1984 Act"), enacted on July 10, 1984. This motion was denied by Judge Fisher without prejudice and this same motion was renewed in the District Court before Judge Shadur. Meanwhile, on August 8, 1984, another of the named defendants, Fremont Indemnity Co. ("Fremont") filed a motion requesting remand of the removed case in which it is a defendant. Both the Bank's motion to remand and Fremont's motion were set for hearing on September 17, 1984. As the motion to abstain was still pending in the District Court, Judge Fisher reserved his ruling on these motions, pending Judge Shadur's ruling on the Bank's motion to abstain. Subsequently, Judge Shadur entered an order on September 20, 1984, requiring this Court to make "an initial determination". It is within the context of this procedural background that this Court will now address the issues before it, turning first to the Defendants' motions to remand.

The Bank's basic contention in its motion to remand is that all the actions are based solely on state law claims which have no connection to the Debtor's bankruptcy and have been pending in the state court for many years and therefore on equitable grounds the cases should be remanded to the state court. Fremont, essentially asserts the same argument, but it raises, as additional grounds for remand, that substantial discovery has been conducted, that the count against it is ripe for summary judgment, and that this Court's retention of the matter would result in unnecessary duplication and delay.

The Debtor's response acknowledges that all of the causes of action involve questions of state law, but contends that the Bankruptcy Court can adjudicate all these matters, and, because the property which is the subject of each case "is inextricably bound with the property" in the Debtor's estate, this Court is the more appropriate forum.

The four actions which are the subject of this proceeding are as follows:

1. Case No. 82 L 3966, *Bernard Baren v. Devon Bank, an Ill. Corp.; Regency Insurance Agents, an Ill. Corp.; and Fremont Indemnity Co., a Calif. Corp. doing business in Ill. through Alpine Facilities, Ltd., agent,* has been twice stricken and amended and is presently before the Court as the Second Amended Complaint consisting of eight counts. In Counts I through VII the Debtor seeks damages from Devon Bank for allegedly breaching various fiduciary duties owed to the Debtor in the Bank's capacity as mortgagee, trustee and holder of the assignment of the beneficial interest in its own land trust, the title holder of certain real property in which the Debtor was the owner of the beneficial interest. Among the alleged duties breached by Devon Bank was the duty to properly insure the subject property. Count VIII seeks damages from Fremont, an insurance underwriter, on an agency theory, alleging that Regency Insurance Agents was the agent of Fremont and that any negligence by Regency may be imputed to Fremont. The complaint asserts that Regency was negligent in knowingly failing to issue proper insurance coverage.

2. Case No. 82 L 4731, *Bernard Baren v. Devon Bank, an Ill. Corp. and Mason Loundy, Chairman of the Board and Pres. of Devon Bank, as agent of Devon Bank; and Mason Loundy, indiv.,* also consists of eight counts and is before the Court as the Fourth Amended Complaint. All eight counts are against each of the defendants and seek damages based on the defendants' breach of fiduciary duty arising out of their capacity as either mortgagee or trustee and holder of the assignment of beneficial interest in the Bank's own land trust, the title holder of certain real property (different from the property which is the subject of the first case), in which the Debtor was the owner of the beneficial interest.

3. Case No. 82 L 8105, *Bernard Baren v. Devon Bank, an Ill. Corp., and Illinois Employer's Insurance of Wausau, an Ill.*

*Corp. d/b/a Illinois Surplus Lines Underwriters, Inc.*, consists of one count and is before the Court as the Second Amended Complaint. The sole count is against Devon Bank and seeks damages for breach of fiduciary duties by Devon Bank in its capacity as mortgagee, trustee and holder of the assignment of beneficial interest in its own land trust, the title holder of certain real property in which the Debtor was the owner of the beneficial interest. No mention is made as to the status of the other defendant named in this case. As the Court has not been otherwise advised, it is presumed that this defendant is no longer a party to the action.

4. Case No. 81 CH 6547, *Bernard Baren v. Devon Bank, an Ill. Corp. and Mason Loundy, indiv.*, consists of four counts seeking injunctive relief and an accounting. As previously mentioned, the Bank asserts in its motion that this case could not have been removed to this Court because there was no pending action capable of being removed. On April 5, 1983, the Appellate Court of Illinois affirmed the trial court's dismissal of this case and no subsequent appeal was taken by the Debtor. The Debtor has not endeavored to counter this assertion and any attempt to do so would appear to be fruitless. The Appellate Court's affirmance was a final disposition of this case. Consequently, on April 27, 1984, when the Debtor filed his application for removal, there was no pending action which could be removed to this Court. Since this case was never removed, it was never before this Court, and this Court has no jurisdiction to take any action whatsoever with reference to this case.

This Court must now address the remanding of the remaining three cases under the Bank's and Fremont's motions. Because of the 1984 Act, the first question which must be resolved is which removal and remanding provisions govern these proceedings. Debtor's application for removal and the Bank's motion to remand were filed prior to the enactment of the 1984 Act. Fremont's motion to remand was filed after the enactment.

Prior to the enactment of the 1984 Act, 28 U.S.C. § 1478 governed removal and remand in bankruptcy cases. The section provides as follows:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the *bankruptcy court* for the district where such civil action is pending, if the *bankruptcy courts* have jurisdiction over such claim or cause of action. (emphasis supplied)

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

Under the 1984 Act the removal and remand provisions are contained in 28 U.S.C. § 1452 which provides:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the *district court* for the district where such civil action is pending, if such *district court* has jurisdiction of such claim or cause of action under section 1334 of this title. (emphasis supplied)

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

The sections are substantially identical, but for the deletion of the words "bankruptcy court(s)" and the insertion of the words "district court" in § 1452(a). In a recent Ohio case involving an application

for removal, the Court determined that the removal provisions in 28 U.S.C. § 1452(a) of the 1984 Act must be read as providing for removal only to the district court and accordingly, since there is no longer a provision for removal of actions directly to the bankruptcy courts, applications for removal must be brought in the district court. *In re Long*, 43 B.R. 692, 12 Bankr.Ct.Dec. (CRR) 442 (Bankr.N.D.Ohio 1984). However, the holding in *Long* is not applicable to the instant case in that the application for removal in *Long* was filed after July 10, 1984 the effective date of new removal provisions, and in the case *sub judice* the application was filed prior to such date.

In another recent case, decided on facts similar to the instant case, the court stated:

> At the time the Application for Removal was filed, removal was governed by § 1478(a). Section 1478(a) provided for *automatic* removal of cases if (1) a party seeks removal and (2) the bankruptcy court has jurisdiction.
>
> Under this section, jurisdiction must be determined as of the date of the Application for Removal in order to effectuate the intent of the drafters of the Code that the removal be automatic. Any subsequent change in the jurisdiction of the bankruptcy courts does not work to defeat the initial automatic removal of a case over which the court had jurisdiction at the time the Application for Removal was filed.

*In re Tilley*, 42 B.R. 827, 830 (Bankr.E.D. Va.1984).

This Court agrees with the *Tilley* Court and accordingly finds that in the instant case the Debtor's application for removal was governed by 28 U.S.C. § 1478(a) as that section existed on the date of the application and that Defendants' motions to remand should be governed by 28 U.S.C. § 1478(b), as that section existed on the date of removal. (The current remand provisions contained in 28 U.S.C. § 1452(b) are substantially the same.) As stated in *Tilley*, although removal is automatic under 28 U.S.C. § 1478(a), it is only effective if the Court has jurisdiction over the removed

matters. Thus, before the Court can determine if there are equitable grounds for remand, it must determine if it has jurisdiction over the three removed actions.

As the Third Circuit recently stated in addressing the jurisdictional question presented by a motion to remand, "the very act of considering equitable grounds subsumes within it a predicate finding of jurisdiction, since, without jurisdiction, there is no power to rule on the equities." *Hanna v. Philadelphia Asbestos Co.*, 743 F.2d 996, 1002 (3d Cir.1984).

At the time the Debtor's application was filed, the Supreme Court had already invalidated the broad jurisdictional grant contained in 28 U.S.C. § 1471(c). *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The bankruptcy courts were operating under the Emergency Rule adopted by this district and effective on December 25, 1982. Under the Emergency Rule all cases arising under the Bankruptcy Code and all civil proceedings arising under the Code or arising in or related to a case under the Code were automatically referred to the bankruptcy court. Related proceedings are defined in the Emergency Rule as "those civil proceedings that in the absence of a petition in bankruptcy, could have been brought in a district court or state court." Rule (d)(3)(A).

Whereas the actions presently under consideration were initially brought in the state court, clearly, under the definition set forth in the Emergency Rule, they are related proceedings over which this Court might exercise jurisdiction.

Having determined that the Court has jurisdiction over three of the removed cases, the question remains whether any "equitable grounds" exists which would entitle the Defendants to a remand of these actions to the state court.

Among the types of equitable considerations relevant to a decision to remand are: (1) duplicative and uneconomical effort of judicial resources in two forums; (2)

prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the court in which the matter was pending originally, e.g., a Court of Claims, or the United States Customs Court.

*In re U.S. Air Duct Corporation,* 8 B.R. 848, 854 (Bankr.N.D.N.Y.1981).

Applying these standards to the instant case it is clear that the issues involved in all three cases are purely state law claims for which the Circuit Court of Cook County is particularly well suited to decide. Moreover, these matters have been pending in the state court for over two years and numerous motions attacking the sufficiency of the pleadings have been sustained and additional motions are presently before the state court to determine once again the adequacy of the three complaints. The Court is not disposed to retain these removed actions which have been pending in the state court for an extended length of time, particularly since no issues of bankruptcy law are involved.

An additional concern of the Court is the delay already experienced by the Defendants in these cases. The Court takes notice that during the pendency of these State actions the Debtor has twice filed petitions for relief under Chapter 13, both of which he dismissed on his own motion. The first petition was filed on September 14, 1982 and dismissed on April 18, 1983 and the second was filed on July 11, 1983 and dismissed on August 17, 1983.

A very significant factor in the Court's consideration of whether to remand to the state court is this Court's determination that these actions are not "core proceedings" within the meaning and purview of 28 U.S.C. § 157(b)(2). Although core proceedings are not limited to those defined within § 157(b)(2), the traditional common law claims for breach of fiduciary duty asserted by the Debtor unquestionably do not fall within the category of proceedings considered to be core to a bankruptcy case. This Court finds that although none of the three removed actions is a core proceeding, each is a proceeding "that is otherwise related to a case under Title 11." Pursuant to 28 U.S.C. § 157(c)(1), in such otherwise related proceedings this Court may only submit proposed findings of fact and conclusions of law to the district court and may not enter a judgment or final order. On the other hand, the state court has complete jurisdiction over the three causes of action and is in a position to render a judgment.

For the foregoing reasons and in the interest of judicial economy, this Court concludes that the state court is the most appropriate forum for these actions and therefore this Court determines that the three removed actions should be remanded to the Circuit Court of Cook County.

The determination of this Court in favor of remand to the state court is necessarily dispositive of the Bank's motion to abstain.

The Bank's motion to abstain, denied by Judge Fisher and subsequently renewed before Judge Shadur, was brought pursuant to 28 U.S.C. § 1334 contained in the 1984 Act. This section provides in relevant part as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely

adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

With few exceptions, the jurisdictional provisions of the 1984 Act became effective on July 10, 1984, the date of enactment. However, § 1334(c)(2), commonly referred to as the mandatory abstention provision, is one of the exceptions. Section 122(b) of the 1984 Act specifically provides that § 1334(c)(2) shall not apply with respect to cases under title 11 that are pending on the date of enactment, or to proceedings arising in or related to such cases.

Therefore, as this case was pending on July 10, 1984, the mandatory abstention provision is clearly not applicable. Although the Bank's motion appears to be a request for abstention grounded solely on the mandatory abstention provision of the 1984 Act, the resolution by this Court of the question of whether the District Court should exercise the discretionary abstention, provided for in § 1334(c)(1), would essentially consist of an examination of the same equitable considerations addressed by the Court by the motions to remand.

If the Court's determination to remand is not deemed dispositive of the abstention question presented to the District Court then it is the initial determination of this Court that the motion to abstain should be allowed in the interest of justice and in the interest of comity with state courts as provided by the discretionary abstention provisions of 28 U.S.C. § 1334(c)(1).

NOW THEREFORE IT IS ORDERED that the Defendants' motions to remand be, and the same hereby are allowed and Case No. 82 L 3966, Case No. 82 L 4731, and Case No. 82 L 8105 are remanded to the Circuit Court of Cook County, Illinois.