**In re Bernard BAREN, Debtor.**

**Bernard BAREN, Plaintiff,**

v.

**DEVON BANK, et al., Defendants.**

**No. 84 B 3891.
Adv. No. 84 A 499.**

United States District Court,
N.D. of Illinois, E.D.

Dec. 27, 1984.

## MEMORANDUM ORDER

SHADUR, District Judge.

This Court has received and agrees with the thoughtful analysis in the December 21, 1984 memorandum opinion and order (the "Opinion") by Bankruptcy Judge John Schwartz. 47 B.R. 39. Only two additional comments are in order:

1. Even were the removals of the state cases to this District Court governed by 28 U.S.C. § 1452 (part of the Bankruptcy Amendments and Federal Judgeship Act of 1984), this Court would remand the cases on the identical equitable grounds identified by Judge Schwartz (see Opinion at 7–8). Though this Court (unlike the Bankruptcy Court)

would not suffer from the same "core proceedings" disability identified in the Opinion at 8–9, it makes eminently good sense for the state courts—steeped as they are in the merits of those cases—to continue to judgment.

2. If the state cases were to be viewed as subject to abstention concepts under the 1984 Act, this Court would approve and concur in Judge Schwartz's initial determination that discretionary abstention should be granted (Opinion at 10). If only out of an abundance of caution, it hereby confirms such approval and concurrence.

Accordingly, if and to the extent this Court is required to act on the remand issue, it in fact remands Case Nos. 82 L 3966, 82 L 4731 and 82 L 8105 to the Circuit Court of Cook County, Illinois.