**STATE BANK OF LOMBARD, Plaintiff,**

v.

**CHART HOUSE, INC., Defendant.**

**No. 84 C 10023.**

United States District Court, N.D. Illinois, E.D.

Feb. 11, 1985.

Christopher J. Horvay, Eric S. Rein, Berger, Newmark & Fenchal, P.C., Chicago, Ill., for plaintiff.

Michael R. Hassan, Lord, Bissell & Brook, Chicago, Ill., G. Alexander McTavish, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for defendant.

### ORDER

BUA, District Judge.

Before the Court is plaintiff's motion to remand this case to the Circuit Court of Cook County, Illinois, where it was originally brought. For the reasons stated herein, plaintiff's motion is granted and this case is remanded to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1334(c)(2) and 1452(b)(1984).

### I. FACTS

Plaintiff, State Bank of Lombard ("the Bank"), filed its complaint entitled "Complaint at Law—Breach of Contract" in the

Circuit Court of Cook County as case number 84 L 20624 on September 28, 1984. The complaint contends that the defendant, Chart House, Inc., is liable to the Bank for damages resulting from Chart's breach of a subordination agreement. The agreement was executed in 1980 and in it Chart allegedly agreed to subordinate payment of one of its loans to James Maxwell to the payment and satisfaction of the Bank's loan to Maxwell in the amount of $50,000.

Plaintiff alleges that the purpose of the subordination agreement was to allow Maxwell to obtain financing in order to acquire a franchise from Chart. Chart allegedly agreed not to accept any payment from Maxwell on its loan to him until the Bank's loan to Maxwell had been paid. However, plaintiff alleges that Chart breached the agreement when it accepted payments amounting to $49,067.12 from Maxwell and did not turn over the payments to the Bank to satisfy its loan to Maxwell.

Chart was duly served with process on October 11, 1984 in the state court action. On Chart's motion and pursuant to a stipulation of counsel dated November 7, 1984, Judge McMorrow of the Circuit Court of Cook County entered an order on November 8, 1984 whereby Chart's time for pleading to the Bank's complaint was extended to November 19, 1984. On November 19, 1984, Chart filed its petition for removal of the action from the Circuit Court of Cook County.

The petition for removal contends that this action arose under the bankruptcy laws of the United States and that jurisdiction is proper here under 28 U.S.C. §§ 1334 and 1452. It states that Maxwell has filed a petition under Chapter 11 of the U.S. Bankruptcy Code and that Maxwell's bankruptcy trustee has filed suit against Chart to recover monies paid to Chart by Maxwell, which payments are also the subject of the suit between Chart and the Bank. The petition makes no mention of any other basis for jurisdiction in this Court other than that under §§ 1334 and 1452.

## II.  DISCUSSION

Plaintiff raises two grounds for remand of this case: (1) this Court should abstain from hearing this case pursuant to § 1334(c)(2); and (2) Chart's petition for removal was untimely. Both grounds present issues of first impression regarding the interpretation of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Act"). P.L. 98–353 [H.R. 5174], July 10, 1984. In light of the legislative history of the Act, the Court holds that: (1) § 1334(c)(2) requires remand of any action based on state law where the petition for removal does not state any other grounds for the district court's jurisdiction, i.e., diversity or other federal question and the state action can be timely adjudicated; and (2) a petition for removal of an action from state court based on §§ 1334 and 1452 must be made within the 30-day limitation period set forth in 28 U.S.C. § 1446.

### 1.  Interpretation of § 1334(c)(2)

Plaintiff argues that its motion for a remand complies with each element of § 1334(c)(2). The Bank's claim is a state law claim for breach of contract. The claim neither arose under Title 11 nor arose in a case under Title 11. At most, plaintiff concludes that the Bank's state law claim is "related" to Maxwell's bankruptcy proceeding.

Defendant counters that the "arising under" language has been given expansive construction in the past and should be so construed in the context of § 1334(c)(2). Therefore, Chart concludes that relatedness is sufficient to qualify a state law claim as arising under Title 11, for purposes of removal under § 1334(c)(2).

Under § 1452, removal of a case involving bankruptcy-related claims from state court to federal district court is governed by the district court's jurisdiction to hear the removed case under § 1334. Under § 1334(c)(2), there are new jurisdictional limits for hearing bankruptcy-related claims. § 1334(c)(2) provides in pertinent part:

upon timely motion of a party in a proceeding based upon a State law claim or

State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this Section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction...

■ The jurisdictional limits contained in § 1334 replace the provisions of the 1978 Bankruptcy Reform Act found unconstitutional in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Although § 1334 mandates that jurisdiction over all cases arising under Title 11 be vested with the United States District Court, § 1334(c)(2) mandates abstention in matters that would have been filed in state court rather than federal court but for a bankruptcy filing. *In re Dakota Grain Systems, Inc.*, 41 B.R. 749, 750 (Bankr.D. N.D.1984). Under § 1334(c)(2), abstention is mandatory when three requirements have been met: (1) the case is based upon a state law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case, (2) the case could not have been commenced in federal court absent the fact of a bankruptcy petition and, finally, (3) if the case were commenced in state court, it could be timely adjudicated. *Id.*

While the new Act provides no examples or guidelines regarding the type of claims which require mandatory abstention, the legislative history and examination of the *Marathon* case provide ample guidance. The *Marathon* case originated in the United States Bankruptcy Court for the District of Minnesota when Northern as Debtor-in-Possession brought suit in bankruptcy court against Marathon for alleged breaches of contract, warranty, and misrepresentation. The Supreme Court said that the cause of action "involves a right created by state law, a right independent of and antecedent to the reorganization petition that

conferred jurisdiction upon a bankruptcy court...." 458 U.S. at 84, 102 S.Ct. at 2878. The Supreme Court continued to say that Congress' authority to control the manner in which state law rights are adjudicated is at a minimum. *Id.*

Congress reacted to the *Marathon* case by passing the 1984 Act, which set forth mandatory abstention in cases where there is no basis for federal jurisdiction other than Title 11. However, it is unclear when a claim or cause of action arises either under Title 11 or in a case under Title 11. There are three possible interpretations of this part of § 1334(c)(2) suggested by the legislative history and the *Marathon* case.

The first and broadest interpretation is that a claim arises under Title 11 or in a case under Title 11 when it involves funds which the debtor is entitled to receive or is obligated to pay. This entitlement or obligation has previously been transferred to, assigned to, or assumed by another party so that the claim is adjudicated without the debtor as a party. This interpretation might be called a "relatedness-plus" test for determining whether the state law claim or cause of action arises under Title 11 or in case under Title 11. However, the legislative history and, to some extent, the language of the statute itself appears to foreclose the "relatedness-plus" test as too broad an interpretation. In his remarks on the new Act, Senator Orrin Hatch said: "In the absence of the bankruptcy of one party, no one questions that a State tort or contract claim would be adjudicated to completion in State court without any feasible assertion of Federal question jurisdiction in Article III.... Thus, the provisions allowing any case "related to" bankruptcy to be adjudicated in Federal court violates Article III." 130 CONG.REC. § 8891, 8893 (daily ed. June 29, 1984) (statement of Sen. Hatch), *reprinted in*, 1984 U.S.CODE CONG. & AD.NEWS 576, 587.

The second, narrower interpretation is that a claim arises under Title 11 or in a case under Title 11 when one of the parties to the claim is a Chapter 11 debtor. This interpretation might be called a "debtor-as-

party" test. However, it is unclear whether even this narrow "debtor-as-party" test passes constitutional muster under the Supreme Court's ruling in the *Marathon* case. *In re WWG Industries, Inc.,* 44 B.R. 287, 290 (N.D.Ga.1984). Congress was acutely aware of the *Marathon* case when it drafted the new Act:

> It should be remembered here that we are speaking of adjudication of causes of action that are local in origin and arise completely independent of any Title 11 proceeding. Their only relation to the Title 11 proceeding is that the debtor, quite apart from the bankruptcy proceeding, may be a responsible party or an injured party according to state law. These adjudications then involve questions of state law and do not raise federal questions.

130 CONG.REC. § 8891, 8896 (daily ed. June 29, 1984) (statement of Sen. Hatch), *reprinted in,* 1984 U.S.CODE CONG. & AD.NEWS 576, 603. Therefore, according to the legislative history, the mere fact that the debtor is a party to a state law claim neither confers federal jurisdiction on the claim, nor does it arise under Title 11 or in a case under Title 11.

■ The third and narrowest interpretation is that a district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including where the debtor is a party) and where the claim can be timely adjudicated in state court. *In re Smith-Douglass, Inc.,* 43 B.R. 616, 617 (Bankr.E.D.N.C.1984); *In re Atlas Automation, Inc.,* 42 B.R. 246, 248–9 (Bankr. E.D.Mich.1984); *In re Dakota Grain Systems, Inc.,* 41 B.R. 749, 750–1 (Bankr.D.N. D.1984). The Court prefers this interpretation in light of the *Marathon* case and the legislative history of § 1334.

■ In the present case, neither party to the action removed from state court is a debtor. The Bank's complaint in state court seeks enforcement of the subordination agreement and does not seek to recover a preference, set aside a fraudulent conveyance, modify the automatic stay, object to discharge or obtain any other relief under Title 11. Since the Bank seeks only to enforce its subordination agreement, this proceeding is based solely on a state law cause of action which is related to, but not arising under Title 11. In addition, there is no basis for federal jurisdiction over this cause of action contained in the petition for removal other than its relatedness to a bankruptcy proceeding. In light of its findings above, the Court holds that abstention in this case is mandatory under § 1334(c)(2) since the action was commenced and can be timely adjudicated in a state court of appropriate jurisdiction. Therefore, pursuant to §§ 1334(c)(2) and 1452(b), the Court remands this case to the Circuit Court of Cook County.

### 2. *30-Day Limitation For Removal of Bankruptcy-Related Actions*

Plaintiff argues that defendant's petition for removal from state court was untimely since it was made more than 30 days after defendant was served with the complaint in state court. In support of this argument, the Bank contends that the time limitation under § 1446, the general removal statute, applies to actions removed under § 1452, the statute covering removal of bankruptcy-related actions. Defendant counters that § 1446 should not apply to § 1452 because § 1452 contains no time restriction for removal and it was enacted specifically to avoid the provisions of § 1446. Chart contends further that it would not make sense for § 1446's time restrictions to apply to § 1452 since the possibility of removal is clearly contemplated in cases where a bankruptcy proceeding is brought after the state proceeding has begun. Chart cites no legislative history to support its arguments.

■ For cases removed under §§ 1441 and 1446, the 30-day time limitation is mandatory. *Perrin v. Walker,* 385 F.Supp. 945, 948 (N.D.Ill.1974). Where a party fails to file his petition for removal within 30 days after proper service of the complaint, he is precluded from doing so. *Id.*

Neither a stipulation of the parties nor an order of the state court may extend the time to file a removal petition. *Upgrade Corp. v. St. Regis Paper Co.,* 417 F.Supp. 21, *aff'd,* 541 F.2d 283 (7th Cir.1976). The fact that the defendant obtains from the state court an extension of time to plead will not serve to extend time for removal of a case to federal court. *Diaz v. Swiss Chalet,* 525 F.Supp. 247, 250 (D.P.R.1981).

 In the present case, it is clear that defendant's petition for removal is untimely under *Diaz v. Swiss Chalet, supra,* if § 1446's time limitation applies to § 1452 removal. In addressing this issue, the Court finds persuasive reasoning in *In re Shaffer,* 42 B.R. 522 (Bankr.N.D.Tex.1984). In *Shaffer,* an action removed to bankruptcy court had been remanded to state court and the defendant's second petition for removal occurred more than 30 days after remand. Since no amendments to the original complaint were made which changed the nature of the state cause of action, the bankruptcy judge borrowed § 1446's time limitation to bar defendant's second petition for removal as untimely. *Id.* at 524–5.

The Court holds that § 1446's time limitation applies to cases removed under § 1452, for three reasons. First, *Shaffer's* reasoning that federal law controls in situations concerning removal of state court actions in bankruptcy-related cases points to § 1446 because that section governs procedure for removal generally and because § 1452 is silent regarding time limitations. Second, defendant cites no legislative history to support its contention that § 1452 was enacted to avoid § 1446's restrictions. Third, debtors who bring bankruptcy proceedings more than 30 days after a complaint is served in a state court action may rely on the automatic stay to protect property which is the subject of a state court action. § 1334(c)(2) plainly states that it shall not be construed to limit the applicability of a § 362 automatic stay under Title 11, as such section applies to an action affecting the property of the estate in bankruptcy. Therefore, a debtor who files for bankruptcy more than 30 days after a complaint is served in a state court action has the protection of an automatic stay if his property is involved in the state action.

Since it holds that § 1446's time limitation applies to removal under § 1452, the Court finds that defendant's petition for removal was untimely because Chart filed the petition more than 30 days after the complaint was served in the state court action. Therefore, the Court remands this case to the Circuit Court of Cook County.

### III. CONCLUSION

Since the defendant's petition for removal was untimely and there is no jurisdiction to hear this case under § 1334(c)(2), the Court remands this case to the Circuit Court of Cook County.

IT IS SO ORDERED.