**ALLEN COUNTY BANK & TRUST CO., Plaintiff,**

v.

**VALVMATIC INTERNATIONAL CORPORATION; Hashem Abouelghar; Abeer Abouelghar; Valvmatic, Inc.; Dana Corporation; Lincoln National Bank & Trust; United States of America/Small Business Administration; and Board of Commissioners of DeKalb County, Indiana, Defendants.**

**Civ. No. F 85–244.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 6, 1985.

---

**580**

Howard Sandler, James Federoff, Beckman, Lawson, Sandler, Snyder & Federoff, Fort Wayne, Ind., for plaintiff.

Roland W. Gariepy, Krueckeberg & Smith, Fort Wayne, Ind., for defendants.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on plaintiff Allen County Bank and Trust's motion to dismiss, motion to remand or, in the alternative, motion to abstain, filed June 25, 1985. Defendant Valvmatic, Inc. removed this case from the DeKalb Superior Court, DeKalb County, Indiana on June 3, 1985. A conference was held June 27, 1985. Valvmatic, Inc. filed a response July 10, 1985. Allen County Bank filed a reply July 16, 1985. This matter is now ripe for ruling. For the following reasons, Allen County Bank's motion will be granted.

Valvmatic, Inc. is, apparently, one of a number of closely held corporations, controlled by Hashem Abouelghar and Abeer Abouelghar. Only Valvmatic, Inc. is in bankruptcy, having filed its petition September 6, 1984. The state court suit removed to this court from the DeKalb Superior Court involves a real estate contract. The suit initially involved the Bank, the fee simple owner of the real estate, suing in forclosure Valvmatic International Corp., the Abouelghars, Dana corporation, Lincoln National Bank & Trust Company, the USA–Small Business Administration and the Board of Commissioners of DeKalb County, Indiana. The Bank filed the foreclosure suit in DeKalb Superior Court on October 14, 1983, almost eleven months before Valvmatic, Inc. filed bankruptcy (September 6, 1984).

Plaintiff filed a motion for summary judgment in the suit on November 14, 1984. The state court set the matter for hearing January 8, 1985. On January 8, 1985, Valvmatic, Inc. filed a motion for intervention. On February 15, 1985, the state court held a further hearing on all pending motions; the state court denied the Bank's motion for summary judgment, granted Valvmatic, Inc.'s motion for intervention, and denied Valvmatic, Inc.'s motion to stay proceedings. The state court then set the suit for a one-day bench trial on June 4, 1985, with a pretrial conference set for May 8, 1985. The Bank filed an amended complaint April 17, 1985, setting forth claims against the intervenor defendant Valvmatic, Inc. The amended complaint was served upon Valvmatic on April 16, 1985. Valvmatic, Inc. served its answer May 10, 1985.

On May 8, 1985, Valvmatic, Inc. filed, in pertinent part, a petition for removal in the bankruptcy court of this district. On May 15, 1985, the bankruptcy court stayed all proceedings until this court could rule on the matter of removal, provided that Valvmatic, Inc. filed its petition for removal within fifteen days. This petition for removal was filed June 3, 1985, nineteen days after the bankruptcy court's order.

First, Valvmatic, Inc. has filed its petition for removal pursuant to a statutory section no longer in effect, having been superseded by 28 U.S.C. § 1452. Section 1452(a) provides for removal to the district court of matters related to, arising in or arising under Title 11 of the United States Code. Once removed, § 1452(b) provides that other parties in the removed matter may move for remand. No time limit is set in § 1452 by which to effect removal. *Cf.* 28 U.S.C. § 1446 (removal must occur within thirty days after receipt). Time limits are set forth in Bankruptcy Rule 9027, with different limits being applicable depending on whether the action to be removed was initiated before or after the filing of the bankruptcy. Here, the action was initiated prior to Valvmatic's filing for bankruptcy, but Valvmatic did not seek to intervene as a party until after it filed bankruptcy.

■ Bankruptcy Rule 9027(a)(3) would control, setting forth a thirty day time limit, if Rule 9027 applied. It does not apply to this case because it relates to the removal statute, replaced by § 1452, that called for removal directly to the bankruptcy court. A recent decision of the district court of the Northern District of Illinois held that the mandatory time limit set forth in 28 U.S.C. § 1446, governing removal of diversity cases to the district court, applied to 28 U.S.C. § 1452, governing removal of bankruptcy matters to the district court. In *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 473 (N.D.Ill.1985), Judge Bua articulated three reasons for the conclusion that § 1446's thirty day mandatory time limit for removal applied to § 1452 removal: (1) federal law controls removal of bankruptcy matters to the dis-

trict court, § 1452 contains no time limitation, but the general federal removal statute, § 1446, does and should control; (2) no legislative history exists for the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–343 [H.R. 5174], July 10, 1984, which enacted § 1452, to support an argument that § 1452 was enacted to avoid § 1446's time limit; and (3) the automatic stay provision operates to protect debtors who file bankruptcy more than thirty days after a complaint is served in a state court action. If, as here, the complaint is served in a state court action after bankruptcy is filed, § 1452 operates to provide a debtor with an option of where to proceed with the defense of the suit; § 1452 does not operate to obviate the requirement that a debtor defend an action begun after the debtor files bankruptcy.

■ This court concurs in the analysis and conclusion of *Chart House*. The § 1446 time limit applies to § 1452. Valvmatic, thus, had thirty days after service of the amended complaint to file its petition for removal to this court. The bankruptcy court had no power to extend that time period. *Chart House*, 46 B.R. at 473. Debtor verified that the amended complaint was served April 16, 1985. Debtor had thirty days from that date to file its removal petition pursuant to § 1452(a). It did not file its removal petition until June 3, 1985. Valvmatic's removal petition is clearly untimely and must be dismissed. This court lacks jurisdiction to consider further a state court action involving a debtor that involves wholly matters of state law where there is no full diversity of citizenship of the parties. *Cf. Connecticut Performing Arts Foundation, Inc. v. Brown*, 47 B.R. 911 (D.Ct.1985) (construing pre-July 10, 1984 rules as providing that time limit for bankruptcy matter removals is not mandatory).

■ If it were determined that the § 1446 time limit does not apply to § 1452 removal, and that the court had jurisdiction over this action, then the court would still conclude that remand of this case is war-

ranted, either pursuant to § 1452(b),[1] or pursuant to 28 U.S.C. § 1334(c)(1) or (2).[2] This matter is a matter related to a case filed under Title 11 of the United States Code. The following discussion serves as the court's analysis, in summary fashion, of the Bank's alternative positions if the court had jurisdiction over this matter.[3]

■ A court considers several factors in deciding whether a case ought to be remanded, among which are: (1) duplication of judicial resources, (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated. *Baren v. Devon Bank*, 47 B.R. 39, 42–3 (Bankr.N.D.Ill.1984) *aff'd and adopted* 48 B.R. 752 (N.D.Ill.); *In re Butcher*, 46 B.R. 109–113–14 (Bankr.N.D. Ga.1985). All of the facts listed support a decision to remand pursuant to § 1452(b) or decision to permissively abstain from adjudicating this action pursuant to § 1334(c)(1).

■ The state court in this action can timely adjudicate this action. Were it not for the pendency of Valvmatic's untimely petition in this court, a trial could have been held June 4, 1985. The case was ready for trial before a court already famil-

iar with the case and the legal issues presented, legal issues wholly involving state law. The action, presumably, can be promptly tried upon remand as all the preparation appears done. To retain this matter would cause duplicative and uneconomical use of scarce judicial resources. The state court has expertise in the resolution of this type of case, presenting state law questions and is better able to adjudicate this action. Retention could prejudice the involuntarily removed parties which include seven other defendants in addition to the plaintiff Bank as delay is sure to occur as another court must familiarize itself with the case and find time in its schedule to try the case. The bankruptcy estate's administration will be helped by a speedy adjudication in state court. It will not hinder the estate that the action will be decided in state court; what will appear to hinder the administration is further delay or a less than certain reading of the controlling state law. It appears a more consistent result, resolving state law issues, would obtain in state court where the matter had been for almost two years prior to the filing of the removal petition. Finally, general comity considerations weigh in favor of remand or permissive abstention. There are no reasons evident to this court why this state law action, the resolution of which involves no issues of bankruptcy law, is not better adjudicated in the more

1. Section 1452(b) reads, in pertinent part:
 The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.
 28 U.S.C. § 1452(b).

2. Section 1334(c)(1) and (2) read, in pertinent part:
 Nothing in this section prevents a district court in the interests of justice, or in the interests of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding[.]
 28 U.S.C. § 1334(c)(1).
 Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a

court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
28 U.S.C. § 1334(c)(2).

3. Before the court could base a decision on equitable grounds, it would have to possess jurisdiction over the matter initially because "the very act of considering equitable grounds subsumes within it a predicate finding of jurisdiction, since, without jurisdiction, there is no power to rule on the equities." *Hanna v. Philadelphia Asbestos Co.*, 743 F.2d 996, 1002 (3d Cir. 1984) *quoted in Baren v. Devon Bank*, 47 B.R. 39, 42 (Bankr.N.D.Ill.1984) *aff'd and adopted* 48 B.R. 752 (N.D.Ill.1984).

appropriate forum: the state court in which it was initially filed.

■ Section 1334(c)(2) provides for mandatory abstention in those cases where (1) the action is only related to a bankruptcy; (2) the action could not be brought in federal court absent its relatedness to a bankruptcy; and, (3) the action can be timely adjudicated in state court. Section 1334(c)(2) applies only to cases under Title 11 filed after the date of enactment of the 1984 Act: July 10, 1984. P.L. 98–353 [H.R. 5174] § 122(b). As this bankruptcy was filed September 6, 1984, § 1334(c)(2) applies to this bankruptcy. If this court had jurisdiction over this removed action, it would be required to abstain pursuant to § 1334(c)(2) because all three requirements for mandatory absention are met.

■ This is an action involving purely state law claims, no issues of bankruptcy law are involved, thus, the action is only related to a case under Title 11; it does not arise in, under or out of a Title 11 case. There is no diversity of citizenship of the parties and no federal questions are implicated, thus, the action could not be brought in federal court absent its relatedness to a bankruptcy filed under Title 11. Finally, the action was ready for trial June 4, 1984, and is, presumably, still ready whenever the state court can find the one day needed to try the case, thus, the action can be timely adjudicated in state court. "[A] district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including where the debtor is a party) and where the claim can be timely adjudicated in state court." *Chart House,* 46 B.R. at 472, and cases cited therein. Mandatory absention would be required in this case.

### Conclusion

Accordingly, on the basis of the foregoing, plaintiff's motion to dismiss is hereby GRANTED. This action is hereby REMANDED to the DeKalb Superior Court, DeKalb County, Indiana.