In re INTERAMERICAS TURNKEY DEVELOPMENT COMPANY, INC., Debtor B–86–08671 (ESL).

In re Abimael HERNANDEZ GONZALEZ, Debtor B–86–01856 (ESL).

In re HOTEL COAMO SPRINGS, INC., Debtor B–75–253 (ESL).

In re Carmen H. MARTINEZ–MAS, Debtor B–86–01868 (ESL).

The COMMONWEALTH OF PUERTO RICO, etc., Petitioner,

v.

ACQUISITION OF 24.4142 CUERDAS OF LAND AND THE BUILDINGS, etc., Belonging to: Hotel Coamo Springs, Inc., Dr. Eduardo Maldonado Sierra, President of the Corporation, Tito Castro Construction, Inc., John Doe and Richard Roe, Parties in Interest.

Civ. Nos. 88–01631 (JAF), 88–01677 (JAF) and E–75–826.

United States District Court, D. Puerto Rico.

Nov. 21, 1988.

Rafael González–Vélez, San Juan, P.R., for debtors Interamericas and Abimael.

Antonio González–Géigel, San Juan, P.R., for debtor Martínez–Mas.

Lino J. Saldaña, Saldaña, Rey, Moran Y. Alvarado, María Luisa Contreras, San Juan, P.R., for the Com. of Puerto Rico.

OPINION AND ORDER

FUSTE, District Judge.

Two related cases are before us requesting removal of an action currently before the Superior Court of Puerto Rico. Removal is petitioned for by Interamericas Turnkey Development, Inc. (hereinafter "Turn-

key") and Abimael Hernández González (hereinafter "Hernández") in our case number 88–1631, and likewise by the former spouse of Hernández, Carmen H. Martínez (hereinafter "Martínez"), in our case number 88–1677. The local case (E–75–826), results from an eminent domain proceeding wherein the Commonwealth of Puerto Rico (hereinafter "the Commonwealth") acquired a parcel of land belonging to Hotel Coamo Springs, Inc. (hereinafter "the Hotel"), on August 8, 1975. The Hotel thereafter filed a petition in bankruptcy on October 10, 1975 (Bankruptcy No. 75–253 (ESL)). It is agreed that the only matter which remains pending in the local eminent domain case involves the amount of compensation due to the Hotel (or to its estate in bankruptcy).

The requests for removal of the original eminent domain action are made by Turnkey, Hernández, and Martínez, as alleged debtors in related bankruptcy proceedings (Bankruptcy Nos. 86–0871 (ESL), 86–01856 (ESL), and 86–01868 (ESL), respectively), who assert that they are secured and/or judgment creditors of the debtor, Hotel. The Commonwealth Superior Court denied these debtors, who are the applicants for removal herein, their requests to intervene in the local eminent domain proceeding. Trial as to the amount of just compensation for the property at issue apparently began in the local court on September 19, 1988. On that same day, the unsuccessful intervenors filed their local appeal by certiorari before the Supreme Court of Puerto Rico, which has not yet entered a ruling. The instant applications for removal filed by Turnkey and Hernández on September 19, 1988, and by Martínez on September 28, 1988, apparently paralyzed the Commonwealth proceeding. For the reasons set forth below, we find that the eminent domain case should properly be adjudicated in the state forum, and accordingly, we order the remand of the local action to the Commonwealth courts.

## I.

Martínez asserts that we may base a removal upon 28 U.S.C. § 157(a), that provides for district court referral to the bankruptcy judge of any case or proceeding arising in or related to a case under Title 11, and pursuant to section 157(b), which states that the bankruptcy judges may determine all cases and core proceedings so referred, and that "core proceedings" include, under subsection (b)(2)(C), "counterclaims by the estate against persons filing claims against the estate," and under subsection (b)(2)(G), "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(C) and (G) (Supp.1988). Notwithstanding the jurisdictional problems discussed *infra,* section 157 provides no basis for removal. We find these subsections cited by Martínez to be inappropriate to incorporate the local proceedings at issue. Core proceedings have been defined as "those proceedings which would not exist at law in the absence of the Bankruptcy Code" or which "spring from application and operation of the Bankruptcy Code itself." *Matter of Candelero Sand & Gravel, Inc.,* 66 B.R. 903, 905 (D.P.R.1986) (*quoting In re American Energy, Inc.,* 50 B.R. 175, 178 (D.N.D.1985)). We cannot find that the definition of a core proceeding reaches far enough to encompass a State eminent domain proceeding instigated against the Hotel prior to the Hotel's filing for bankruptcy. Matters involving the interests and responsibilities of a State or the Commonwealth vis-a-vis land use within its border are to be regarded as an issue of peculiarly local concern. *Golemis v. Kirby,* 632 F.Supp. 159, 162–63 (D.R.I.1985) (Selya, J.). Even though the amount of compensation awarded in the local case will affect the assets of the Hotel's bankruptcy estate, the eminent domain action is an action particularly based on State law and only peripherally related to the bankruptcy. *Cf., Matter of Candelero Sand & Gravel, Inc.,* 66 B.R. at 905–06. Particularly where the state court is available to make a timely adjudication of the matter, as in the instant case, we find that the bankruptcy court is not the proper forum to hear the case which the applicants seek to remove herein. *Id.*

Martínez further directs the court to the general removal provision of 28 U.S.C.

§ 1441(a), whereby a State civil action over which the district court has original jurisdiction, may be removed by the defendants. It is also suggested by the applicant that this court has removal jurisdiction pursuant to 28 U.S.C. § 1452, which covers "[r]emoval of claims related to bankruptcy cases" and sets forth in subsection (a) that:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (Supp.1988). In turn, 28 U.S.C. § 1334, states in subsections (a) and (b) that the district courts have original and exclusive jurisdiction of all cases under Title 11, and original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. *See* 28 U.S.C. § 1334(a) and (b) (Supp.1988). Clearly the local eminent domain case did not "arise under" Title 11, nor did it "arise in" a case under that title. The only arguable basis for federal jurisdiction would be the asserted "relatedness" of the local controversy to bankruptcy proceedings. Petitioners also cite 11 U.S.C. § 541, which broadly provides that the bankruptcy estate shall include the legal and equitable interests of the debtor in property as of the commencement of the case. *See* 11 U.S.C. § 541 (1979 & Supp.1988). The Hotel is a bankrupt and any interest which it holds pertaining to its property which is the subject of the eminent domain proceeding, has become the property of the bankruptcy estate. In other words, the applicants pray that the local eminent domain action is "related" and, thereby, removable, because the compensation awarded to the Hotel in that action will become part of the bankruptcy estate of the Hotel, over which this court has jurisdiction.

Subsection (a) of section 1452 is set forth above and clearly states that a "party" may remove a claim related to bankruptcy if the district court has jurisdiction under section 1334. Under the general removal provision of section 1441(a), "defendants" may remove an action over which the court has original jurisdiction. As a threshold obstacle to removal, we are inclined to agree with the Commonwealth that the applicants herein are not "parties" to the cause of action which they seek to remove. In fact, the very essence of the instant complaint by Turnkey, Hernández and Martínez, is that the local tribunal refuses to permit them to become "parties" or to intervene in the action. Accordingly, the applicants' standing to petition this court for removal is at best, tenuous.

The Commonwealth also points out that the applicants' removal request is untimely. If removal is sought under section 1441(a), then the time limitation is the thirty-day standard of 28 U.S.C. § 1446(b), which generally governs removal by defendants in civil cases. As no time provision is set forth in section 1452 governing bankruptcy removal, the mandatory thirty-day time limit of section 1446(b) has likewise been held applicable to removal under section 1452. *See Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. 578, 581 (D.C.1985); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 473 (N.D.Ill.1985). In any event, as the applicants have never become parties to the local action as discussed above, it is impossible for us to apply the time provisions which require reference to the date when the "defendant" received the pleading, motion or order from which it may first be ascertained that the case is removable. In following the logic of Turnkey, Hernández and Martínez, that the case is removable due to its relatedness to bankruptcy, we note that these applicants had notice of the Hotel's bankruptcy well more than thirty days prior to the filings of the instant petitions for removal, and their requests could thereby be deemed untimely.

Even were we to assume that the applicants herein have standing to petition for removal and have made timely requests, it appears that they would not be able to

surmount the jurisdictional hurdle of either section 1441(a) or section 1452. Section 1441(a) mandates that the case for removal must be one over which the district court had original jurisdiction. Diversity of citizenship is not asserted and clearly is not available as a basis for our jurisdiction over the instant controversy. Absent diversity, this court lacks jurisdiction to consider a state court action involving a bankruptcy debtor that encompasses wholly matters of state law. *See Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. at 581. Likewise, as discussed below, the asserted relatedness of the local action to bankruptcy cases is not alone sufficient to invoke the mantel of federal jurisdiction. Arguably, applicants have attempted to raise, albeit unclearly, allegations of deprivations of rights guaranteed by the federal Constitution. In the limited context of the local proceeding to determine the amount of compensation, it appears that the interests of the creditors of the Hotel, i.e., the unsuccessful applicant intervenors, would be adequately represented by the Hotel's trustee in bankruptcy. We discern no reason to prematurely conjure that the petitioners' rights and interests will not be protected through the adjudications in the local court and, thereafter, in the bankruptcy court. To the extent that the applicants are complaining specifically of the local Superior Court denial of intervention, their proper course of action is to pursue the pending appeal in the state courts. Martínez has additionally directed us to 28 U.S.C. section 1443 [1], permitting removal of certain State cases involving any law providing for equal civil rights, which illustrates no basis for removal of the instant action. We fail to see any independent source of federal jurisdiction to confer original jurisdiction upon this court over the eminent domain proceeding brought by the Commonwealth against the Hotel in state court.

**1.** 28 U.S.C. § 1443 provides that the following actions may be removed by defendants to the district court: "(1) [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States,

## II.

The Commonwealth requests that we remand the eminent domain case to local court in light of 28 U.S.C. § 1452. Subsection (b) reads as follows:

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise.

28 U.S.C. § 1452(b) (Supp.1988). In the alternative, the Commonwealth argues that the district court should abstain in the instant case pursuant to 28 U.S.C. § 1334(c), which sets forth the grounds for both discretionary and mandatory abstention as follows:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with the State courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c) (Supp.1988). As set forth above, the local proceeding, which is on the verge of trial, is based upon a state law claim or cause of action and could not be commenced in federal court absent its alleged relatedness to a bankruptcy pro-

or of all persons within the jurisdiction thereof; (2) [f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443 (1973).

ceeding. Pursuant to section 1334(c)(2), the "district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including one where the debtor is a party) and where the claim can be timely adjudicated in state court." *Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. at 908 (*quoting State Bank of Lombard v. Chart House*, 46 B.R. at 472).

It appears, however, that the mandatory abstention provision of subsection (c)(2) does not apply to the instant cases which seek removal based upon their alleged relatedness to the Hotel's bankruptcy action which was filed in 1975. Section 1334 was enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, on July 10, 1984, and said Act is generally applicable to cases and actions pending or filed after the enactment date. *See Matter of Global International Airways Corp.*, 70 B.R. 228, 231 and n. 10 (W.D.Mo.1986). Section 122(b) of P.L. 98–353 instructs that section 1334(c)(2) "shall not apply with respect to cases under Title 11 of the United States Code that are pending on the date of enactment of this Act, or to proceedings arising in or related to such cases." Bankruptcy Amendments and Federal Judgeship Act, Pub.L. No. 98–353, § 122(b), 1984 U.S. Code Cong. and Admin.News (98 Stat.) 333, 346. *See Matter of Global International Airways Corp.*, 70 B.R. at 232, n. 12; *Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. at 583. Therefore, section 1334(c)(2) does not aaply to the proceedings alledgedly related to the bankruptcy case filed in 1975, which was pending on July 10, 1984. The local eminent domain case which applicants seek to remove falls squarely within the parameters of section 1334(c)(2), and were it applicable, we would be compelled to refrain from hearing such proceeding in this forum. *See Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. at 908 (and cases cited therein).

■ "The permissive abstention statute, section 1334(c)(1), Title 28, United States Code, applies, however, and it is difficult to believe that, in passing on the question of permissive abstention, the district court would not be swayed by the letter of section 1334(c)(2), *supra*, in deciding whether it might not be an abuse of discretion not to abstain." *Matter of Global International Airways Corp.*, 70 B.R. at 232, n. 12. Due to considerations of comity and in the interest of justice, we find that the proceeding as to which the frustrated intervenors seek removal, is a particularly appropriate candidate for discretionary abstention. Turnkey, Hernández and Martínez are not parties to the local case, and in fact, argue for its removal precisely because the Commonwealth court has denied their requests to intervene. As discussed above, it is far from apparent that the petitioners even have standing to seek removal. The eminent domain proceeding wholly revolves upon matters of local law, and resolution would not involve any issues of bankruptcy law.

## III.

We conclude that the Commonwealth courts are the proper forum to adjudicate the eminent domain case. In the local case, the remaining issue of compensation was on the verge of trial in the Commonwealth court, save for the interruption of the instant applications for removal. There is no reason to suppose that a prompt adjudication will not take place after remand. Thus, considerations of comity and judicial economy clearly weigh in favor of permissive abstention and remand. *See Allen County Bank & Trust Co. v. Valvmatic International Corp.*, 51 B.R. at 582–83. The local action was commenced before the Hotel filed in bankruptcy and is only tangentially related to the bankruptcy proceeding, in that the compensation awarded to the Hotel in the Puerto Rico courts will become part of the bankruptcy estate of the Hotel. We are unable to ascertain any independant basis for an assertion of federal jurisdiction. Therefore, abstention and remand are suggested on equitable grounds, and in the interest of justice and of comity with the Commonwealth courts or respect for local law. 28 U.S.C. §§ 1334(c)(1) and 1452(b).

**14**

Accordingly, we abstain from hearing the local action and we hereby ORDER that Case No. E–75–826 be REMANDED to the Superior Court of Puerto Rico. The applications for removal are DENIED and we, therefore, order the DISMISSAL of the instant civil cases, Nos. 88–1631 and 88–1677.

IT IS SO ORDERED.