**INTRA MUROS TRUST, Earl A. Samson, III, Mark Chardack, Earl A. Samson, Jay C. Hufford, Stephen A. Bassock, and Arthur Paturick, Plaintiffs,**

v.

**TRUCK STOP SCALE COMPANY, a Texas corporation d/b/a/ Transcontinental Scales, Defendant.**

No. 4:93 cv 86 AS.

United States District Court, N.D. Indiana, Hammond Division, at Lafayette.

Jan. 10, 1994.

Daniel C. Blaney, Morocco, IN, and John T. Casey, Rensselaer, IN, for plaintiffs.

William J. Stevens, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on defendant's Notice of Removal from state court, and plaintiffs' Motion for Remand and Sanctions. On May 15, 1991 the plaintiffs commenced an action in Jasper Circuit Court, Jasper County Indiana, to foreclose a security interest and mortgage and to recover damages from the defendant. On August 19, 1993 the defendant filed a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. On November 12, 1993 the defendant filed a Notice of Removal in this court, requesting that this court transfer the case to Bankruptcy Court for the Northern District of Illinois.

On December 10, 1993 this court ordered the defendant to brief the issues of mandatory abstention and the jurisdictional thirty day time limit contained in 28 U.S.C. § 1446, citing *Allen County Bank & Trust Co. v. Valvmatic International Corporation*, 51 B.R. 578, 581 (N.D.Ind.1985) and *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985). On January 6, 1993 the defendant filed its memorandum of law. It did not address the mandatory abstention doctrine or either case cited by this court. It also did not inform this court, as the plaintiffs did in their subsequent motion and memorandum, that the bankruptcy case in the Northern District of Illinois had been dismissed on December 22, 1993.

■ The defendant cites Bankruptcy Rule 9027(a)(2), which in cases where the bankruptcy case was filed after the state action would permit 90 days after the filing of the bankruptcy petition for filing a notice of remand. However, in *Allen County Bank & Trust* Judge Lee notes that Rule 9027 does not apply, because it only related to the superseded removal statute which was replaced by 28 U.S.C. § 1452. 51 B.R. at 581. *Allen County Bank & Trust* adopted the reasoning, which this court also adopts,[1] of *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, holding that the thirty day time limitation of the general federal removal statute (28 U.S.C. § 1446) applies to the bankruptcy removal statute 28 U.S.C. § 1452. 51 B.R. at 581.

■ The court in *Chart House* rejected the argument that the thirty day time limit could not be meant to apply to parties whose state law case is commenced more than thirty days before the bankruptcy case. The court stated:

[D]ebtors who bring bankruptcy proceedings more than 30 days after a complaint is served in a state court action may rely on the automatic stay to protect property which is the subject of a state court action. § 1334(c)(2) plainly states that it shall not be construed to limit the applicability of a § 362 automatic stay under Title 11, as such section applies to an action affecting the property of the estate in bankruptcy. Therefore, a debtor who files for bankruptcy more than 30 days after a complaint is served in a state court action has the protection of an automatic stay if his property is involved in the state action.

*Chart House*, 46 B.R. at 473.

The state complaint was filed on May 15, 1991. The Notice of Removal was not filed

---

**1.** This court is well aware that this is a minority position. *See In re Eagle Bend Development*, 61 B.R. 451 (Bankr.W.D.La.1986).

**346**

until November 12, 1993, clearly more than thirty days later. Under the thirty day time limit of 28 U.S.C. § 1446, as applied to 28 U.S.C. § 1452, the Notice of Removal is untimely, this court has no jurisdiction, and the case is remanded to Jasper Circuit Court.

■ Even if the Notice of Removal was timely, this court would remand this case to state court either pursuant to § 1452(b)[2], or the mandatory abstention doctrine as explained in *Allen County Bank* and *Chart House.*

A court considers several factors in deciding whether a case ought to be remanded, among which are: (1) duplication of judicial resources, (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated. *Baren v. Devon Bank,* 47 B.R. 39, 42–3 (Bankr.N.D.Ill.1984) *aff'd and adopted* 48 B.R. 752 (N.D.Ill.); *In re Butcher,* 46 B.R. 109–113–14 (Bankr. N.D.Ga.1985).

*Allen County Bank & Trust,* 51 B.R. at 582.

Under § 1334(c)(2), abstention is mandatory when three requirements have been met: (1) the case is based upon a state law claim or cause of action which although related to a Title 11 case did not arise under Title 11 or out of a Title 11 case, (2) the case could not have been commenced in federal court absent the fact of a bankruptcy petition and, finally, (3) if the case were commenced in state court, it could be timely adjudicated.

*Chart House,* 46 B.R. at 471.

It appears that the defendant is a Texas corporation, although this court can not find in the record any claim that a federal case could be brought under diversity jurisdiction. Regardless, all other factors weigh in favor of remand. The parties agree that this is a

**2.** Section 1452(b) reads, in pertinent part: The court to which such claim or cause of action is removed may remand such claim or cause of

non-core proceeding. All applicable law is state law. The Jasper Circuit court has spent over two years of time and effort on this case, and this case was ready for trial before the Notice of Removal was filed. Finally, the bankruptcy case has been dismissed.

Plaintiffs have filed a motion for sanctions. Although this court is not pleased with the defendant's misleading failure to apprise this court of the dismissal of the bankruptcy case, sanctions under Rule 11 are denied.

### CONCLUSION

Plaintiff's motion for remand is **GRANTED.** Plaintiffs' motion for sanctions is **DENIED.** This case is remanded to the Jasper Circuit court. **SO ORDERED.**

action on any equitable ground. 28 U.S.C. § 1452(b).