In re AUTO–PAK, INC., Debtor.

Bryan S. ROSS, Trustee, Plaintiff,

v.

GENERAL PLASTIC AND CHEMICAL CORP., Defendant.

Bankruptcy No. 84–00170.
Adv. No. A84–0197.

United States Bankruptcy Court, District of Columbia.

March 17, 1985.

**4**

Earl Douple, Washington, D.C., for plaintiff.

William Grant, Washington, D.C., for defendant.

### ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the motion of the defendant, General Plastic and Chemical Corporation ("General Plastic"), that this Court dismiss this adversary proceeding "for lack of jurisdiction," the Court finds and concludes as follows:

Before filing its bankruptcy petition, the Debtor filed suit in U.S. District Court on the identical claim which is the subject of this adversary proceeding. That claim is for some $11,000 for materials sold and delivered. In District Court the defendant answered and counterclaimed for over $500,000, and also filed a third-party complaint against alleged guarantors of the Debtor. Proceedings in the District Court case, as between the Debtor, plaintiff and

defendant, were stayed by the automatic stay. 11 U.S.C. § 362(a). However, that Court has recently ordered the case to proceed as between the defendant/third-party plaintiff and the third-party defendants.

Although defendant has denominated its motion as one to dismiss "for lack of jurisdiction," its arguments in favor of the motion recite only that this Court "does not have *exclusive* jurisdiction" and that "it would be *appropriate* for the District Court rather than the Bankruptcy Court" to exercise jurisdiction over the controversies, in order to avoid duplicative litigation. (Emphasis added.)

■ Obviously, absence of *exclusive* jurisdiction does not mean that a court lacks jurisdiction altogether. Indeed, there may be an implication from the language chosen that this Court possesses concurrent jurisdiction although it lacks exclusive jurisdiction. That in fact is the case here.

The 1984 Amendments to the Bankruptcy Code permit bankruptcy judges to exercise jurisdiction over both "core" and "non-core" proceedings, so long as the proceedings are related to the underlying bankruptcy case. (As to non-core proceedings, the bankruptcy judge ordinarily may not make a final determination but must submit proposed findings and conclusions to a district judge. 28 U.S.C. § 157(c)(1).) Here, it may well be that the Debtor's claim is a core proceeding, which this Court has full authority to both hear "and determine." 28 U.S.C. § 157(b)(1). Although this Court is skeptical of plaintiff's assertion that its claim is a core proceeding because plaintiff seeks an order "to turn over property of the estate,"[1] the Court has no doubt that an appropriate basis for classification as a core proceeding does exist. That basis is found in 28 U.S.C.

---

1. 28 U.S.C. § 157(b)(2)(E). Turn-over orders commonly relate to specific, identifiable items of property, such as shares of stock, a car or a building. A claim for money damages does not seek specific, identifiable dollar bills but only a certain quantity of money. In *In re Smith-Douglass, Inc.,* 43 B.R. 616, 12 B.C.D. 426, 427 (Bankr.E.D.N.C.1984), the court held, albeit without discussion, that a Debtor's suit to recover a pre-petition account receivable was "a non-core proceeding."

Plaintiff's assertion that this is a core proceeding because it concerns "administration of the estate" is even more tenuous. *See* 28 U.S.C. § 157(b)(2)(A).

§ 157(b)(2)(C), which provides that "counterclaims by the estate against persons filing claims against the estate" constitute core proceedings. It is true that plaintiff has not denominated its complaint in this adversary proceeding as a counterclaim to defendant's proof of claim which was earlier filed in this Debtor's bankruptcy case, but it would seem relatively simple for plaintiff to amend the complaint so as to cast it in terms of a counterclaim to the proof of claim. *See* Bankruptcy Rule 7015, incorporating Rule 15(a), F.R.Civ.P., which provides that "leave [to amend pleadings] shall be freely given when justice so requires"; *see also* Bankruptcy Rule 3007, which provides: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

■ In any event, even if this were a non-core proceeding, that fact would not deprive this Court of jurisdiction but would merely mean that this Court could hear the matter but would have to submit proposed findings and conclusions to a district court judge pursuant to 28 U.S.C. § 157(c)(1). In *In re WWG Industries, Inc.*, 44 B.R. 287, 12 B.C.D. 752 (N.D.Ga.1984), the district court held that Congress's grant of subject matter jurisdiction over non-core, related proceedings to the district courts, with the power to refer such proceedings to bankruptcy judges, was constitutional.

■ In its reply to plaintiff's opposition, defendant states:[2]

Unless this Court lifts its stay and permits this matter to proceed in this District Court under its Title 11 jurisdiction, there will be continuing, parallel litigation on the same facts and issues with possible contradictory results.

However, defendant has not filed a motion seeking relief from the automatic stay so as to prosecute its counterclaim in the District Court. *See* 11 U.S.C. § 362(d). A request for relief from the stay must be made by motion, as Bankruptcy Rule 4001(a) requires; such a request should not be buried in a reply to an opposition to a motion seeking entirely different relief.[3]

For all the foregoing reasons, defendant's motion to dismiss this adversary proceeding for lack of jurisdiction is DENIED, without prejudice to the filing by defendant of a motion for relief from the automatic stay or a motion to withdraw the reference.

**2.** Defendant also argues that this is not a core proceeding because "Plaintiff cannot claim what is the Estate's property when that right is contested and not yet proven." This argument harks back to the 1898 Bankruptcy Act's dichotomy between "summary" and "plenary" jurisdiction over "property of the bankruptcy estate." Under that Act, if the controversy was one involving property which was not in the actual or constructive possession of the bankrupt debtor at the time the bankruptcy petition was filed, but rather was in possession of a third party asserting a *bona fide* adverse claim, then (absent consent) the bankruptcy court lacked "summary" jurisdiction, and a "plenary" suit had to be brought in whatever court had jurisdiction. 2 Collier on Bankruptcy (14th ed.), ¶ 23.04.

"A major impetus underlying" the 1978 Reform Act was "the need to enlarge the jurisdiction of the bankruptcy court in order to eliminate the serious delays, expense and duplications associated with the [1898 Act's] dichotomy between summary and plenary jurisdiction ..."

S.Rep. No. 95–989 (1978), p. 17, U.S. Code Cong. & Admin.News 1978, pp. 5787, 5803. Whatever else may be said about the 1984 Act, it has not re-introduced that wasteful, time-consuming dichotomy between summary and plenary jurisdiction. Thus, defendant's comments in this regard are irrelevant, not only because this proceeding seems not to involve a controversy over "property" at all (but rather a claim and counterclaim seeking money damages alone), but also because the new bankruptcy statute does not make jurisdiction depend on possession of property.

**3.** Alternatively, defendant could file a motion to withdraw the reference (by the District Court to this Bankruptcy Court) of this adversary proceeding. 28 U.S.C. § 157(d). Such a motion should be filed in the bankruptcy court clerk's office and will by that office be referred to the District Court for decision.