## ALLIANCE COMMUNICATIONS GROUP, INC., Plaintiff,

v.

## NORTHERN TELECOM, INC., Bellsouth Advanced Systems, Inc. and Emory University, Defendants.

### No. 86 Civ. 3306 (RWS).

United States District Court, S.D. New York.

Sept. 26, 1986.

582

Halperin Shivitz, New York City, for plaintiff; Jeremy D. Morley, Brian W. Guillorn, of counsel.

Stroock & Stroock & Lavan, New York City, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants; Lawrence Grunwald, of counsel.

## OPINION

SWEET, District Judge.

Now pending before the court are motions made by defendants Bellsouth Advanced Systems, Inc. ("Bellsouth") and Emory University ("Emory") for a protective order, an order dismissing Bellsouth and Emory for lack of personal jurisdiction, and a motion to transfer this action to the District Court for the Northern District of Georgia. Plaintiff Alliance Communications Group, Inc. ("Alliance") has cross-moved for an order referring this action to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 157(a). For the reasons set forth below, Alliance's motion is granted and this action is referred to the Honorable Burton R. Lifland, Chief Judge of the United States Bankruptcy Court, Southern District of New York.

**Prior Proceedings**

Alliance brought this contract action for goods sold and delivered in March, 1986 in the Supreme Court of the State of New York, New York County, and the defendants removed the action to federal district court on April 25, 1986 pursuant to 28 U.S.C. § 1441. The dispute between the parties concerns the performance of a subcontract between Northern Telecom, Inc. ("Northern Telecom") and Telefi Corporation, a wholly owned subsidiary of Alliance, with respect to a communications system to be provided to Emory University. When

cancellation of the subcontract of its subsidiary was threatened as a consequence of an alleged failure of performance, Alliance took certain acts which are the subject of this action for goods sold and delivered.

While the federal action was pending, Alliance filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on May 1, 1986 and that proceeding is currently pending before the Chief Judge Lifland. When defendants answered the complaint on May 2, 1986, they could not assert any counterclaims against Alliance as Alliance was protected by the automatic stay provisions of 11 U.S.C. § 362, which protects the debtor from actions against the property of the estate.

Alliance began discovery proceedings in this action on May 6, 1986 by serving deposition notices on Bellsouth, Emory and Northern Telecom. Bellsouth and Emory then moved for a protective order, an order dismissing the action for lack of personal jurisdiction, and for an order transferring the action to the District Court for the Northern District of Georgia. These motions were argued on July 11, 1986 at which time Alliance informed counsel for defendants that it would seek an order referring this action to the bankruptcy court. Counsel for Alliance also stated in his reply affidavit that he had informed defendants in June, 1986 that he would seek this referral.

On July 21, 1986, Northern Telecom moved in the bankruptcy court for an order lifting the automatic stay provisions of 11 U.S.C. § 362 to permit counterclaims to be lodged against Alliance in the district court action. Chief Judge Lifland has held this motion in abeyance until this court determines whether it will retain jurisdiction over Alliance's contract action. On July 25, 1986 Alliance filed an application before the bankruptcy court for removal of this action to the bankruptcy court pursuant to Bankruptcy Rule 9027(d), which Alliance contends effected an automatic removal of this action to the Bankruptcy Judge. According to the defendants, Bankruptcy Rule 9027 was preempted by the removal

procedures contained in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 1984 U.S.Code Cong & Ad.News (98 Stat) 333 (the "1984 Amendments"). Chief Judge Lifland concluded that although there was some doubt as to the continued effectiveness of Bankruptcy Rule 9027, no motion would be required to invoke its powers as removal to the bankruptcy court is automatic under the rule. Therefore, on July 30, 1986, Alliance withdrew its motion for a removal of this action to the bankruptcy court under Bankruptcy Rule 9027(d).

This court heard arguments on Alliance's motion to refer this action to bankruptcy court on September 12, 1986.

**Conclusions**

Alliance contends that 28 U.S.C. § 157(a) (West Supp.1986), and Southern District General Reference Order of July 10, 1984 require this court to refer this action to the bankruptcy court. Section 157(a), a measure adopted to avoid the Constitutional infirmities in the prior Section 28 U.S.C. § 1471 which the Supreme Court outlined in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), provides:

> (a) Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district.

Section 157(a) grants each district court the discretion to refer or not refer, "Each district court has provided by rule for automatic reference to bankruptcy judges, since the ability to withdraw the reference is granted to the district court by section 157(d) and referral, however accomplished, is not irrevocable." 1 Collier, Bankruptcy ¶ 3.01[2][a] (15th ed. 1986) at 3–31.

The Southern District, exercising its authority under 28 U.S.C. § 157(a), issued a General Reference Order dated July 10, 1984:

> Pursuant to section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 [28 U.S.C. 157(a)], any

or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district.

The defendants oppose this automatic referral on two grounds: that Alliance should be equitably estopped from requesting a change of forum at this juncture having initiated this action, and that referral of the action to bankruptcy court would prejudice the defendants.

■ Defendants contend that Alliance vigorously pursued this action in federal court, noticing depositions of the defendants and opposing the defendants' transfer and dismissal motions. However, the only support which defendants offer for this estoppel argument is an analogy to the situation in which a trustee in bankruptcy has elected to pursue litigation in a forum other than bankruptcy court, and is therefore estopped from requesting a later referral to the bankruptcy court. 1 Collier, Bankruptcy ¶ 3.01[5][C] (15th ed. 1986) at 3–72. Here Alliance, the debtor, not the trustee, commenced its state court proceeding approximately three months prior to the date on which the corporation filed a petition for reorganization under Chapter 11. The only discovery requests made by Alliance were voluntarily withdrawn in May, 1986 and no depositions have gone forward in the federal district court action. Defendants were not "forced" by Alliance but moved for dismissal and transfer of their own volition, and according to Alliance, did so knowing by June, 1986 that Alliance intended to move for a referral of this action to bankruptcy court (Guillorn Reply Aff. at ¶ 6–10).

Although the parties have not framed this motion as one to withdraw jurisdiction from the bankruptcy court pursuant to 28 U.S.C. § 157(d), such a motion would fail in this instance. Section 157(d) provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court

shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Despite the wording of the provision, it is not clear that the district court is the proper forum for this motion:

No guidance is furnished with respect to whether the motion to withdraw the reference should be made in the first instance in the district or bankruptcy court. However, since the entire case has been referred by local rule promulgated pursuant to 28 U.S.C. § 157(a), the motion should probably be made to the bankruptcy court. Since it is the district court which referred the matter in the first place, however, it might be appropriate for the dispositive order to be made by the district court, acting upon the recommendation of the bankruptcy judge. It is, however, a bit incongruous to move the bankruptcy court to withdraw a proceeding from itself. Albeit inefficient, it is more logical to assume that jCongress meant for the withdrawal motion.

1 Collier, Bankruptcy ¶ 3.01[2][e] (15th ed. 1986).

■ Assuming that this court may consider such a withdrawal motion, Bellsouth and Emory have not established the requisite cause for a withdrawal order required by the permissive first sentence of section 157(d). The defendants claim that referral would work a hardship, as they relied on the existence of a district court action in making motions to dismiss for lack of personal jurisdiction which are irrelevant in the context of a bankruptcy proceeding with nationwide jurisdiction, *see* Bankruptcy Rules & Procedure 7004(d). However, the balance of these competing interests has been struck by statute, as Congress has determined that conservation and management of a debtor's assets for the benefit of its shareholders and creditors is of paramount importance. *See In re Turn-*

*er,* 724 F.2d 338, 341 (2d Cir.1983). The defendants will not be prejudiced in their motion for a transfer of venue, as it may be renewed in the bankruptcy forum and will be determined according to standards substantially similar to those considerations weighed by the district court in determining a motion to transfer under 28 U.S.C. § 1404. 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."); 1 Collier, Bankruptcy ¶ 3.01[4][c][i] (15th ed. 1986) at 3–129.

■ Had this court retained jurisdiction over the action, it would have been transferred to the Northern District of Georgia, in view of the fact that the communications system contract was signed initially and was renegotiated in Georgia, the performance contemplated under the installation contract was to occur on the Emory campus in Georgia, and the majority of witnesses in the action are located in Georgia as is the documentation of Alliance's performance and the alleged need to repair the defects in the system. However, the bankruptcy court has the power to exercise similar discretion if it decides that a Georgia forum would be more appropriate for the resolution of this contract action. *See In Re Old Delmar Corp.,* 45 B.R. 883, 884 (S.D.N.Y.1985) (The bankruptcy court shall consider 1) the location of the debtor's estate; 2) the economic and efficient administration of the debtor's estate; 3) the proximity of the debtors; 4) the proximity of the creditors; 5) the proximity of the witnesses).

■ The possibility that the bankruptcy court will find that this is a "related to" proceeding under 28 U.S.C. § 157(c)(1), (c)(2), in which the bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court before a final judgment can be entered is irrelevant to the question of referral, as the referral provisions of 28 U.S.C. § 157(a) specifically transfer "related to" jurisdiction to the bankruptcy court, as does the Southern District General Reference Order of July 10, 1984, *In re Auto-Pak, Inc.,* 52 B.R. 3, 5 (D.D.C.1985), and the bankruptcy judge, not the district judge, determines the nature of the proceeding, *Matter of Climate Control Engineers, Inc.,* 51 B.R. 359 (M.D.Fla.1985).

Under section 1452(a), the claim or cause of action will be removed to the district court for the district in which the civil action is pending. The order of automatic reference entered by the district court pursuant to the authority granted by section 157(a), will perforce cover removed actions, and the action will be automatically referred to the bankruptcy judge. The non-removing party could then move to remand under section 1452(b). A difficulty with the remand provision is that section 1452(b) provides that the decision to remand or not to remand is not reviewable by appeal or otherwise. Thus, if the decision is made by the bankruptcy judge, no Article III judge has an opportunity to consider the issue.

1, Collier, Bankruptcy ¶ 3.01[5][c] (15th ed. 1986) at 3–73, 3–74. Furthermore, the bankruptcy court will necessarily be involved with the continuing administration of this action, as it must rule on Northern Telecom's motion to lift the automatic stay provisions of 11 U.S.C. § 362, and will supervise the enforcement of any judgment in the action.

Referral to the bankruptcy court under 28 U.S.C. § 157(a) is immediate and automatic, and Alliance's motion is granted. The pending motions of Emory and Bellsouth for a dismissal or transfer of this action to the Northern District of Georgia are denied, and the action is referred to the Honorable Burton R. Lifland, Chief Judge of the United States Bankruptcy Court, Southern District of New York.

**IT IS SO ORDERED.**