**J.D. MARSHALL INTERNATIONAL, INC., an Illinois corporation, Plaintiff,**

**v.**

**REDSTART, INC. f/k/a J.D. Marshall International, Inc., Defendant.**

No. 86 C 9399.

United States District Court, N.D. Illinois, E.D.

June 16, 1987.

---

Ralph A. Mantynband, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiff.

Michael H. King, Neal L. Wolf, Eric S. Palles, Ross & Hardies, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This order concerns plaintiff's motion to withdraw proceedings from the bankruptcy court pursuant to 28 U.S.C. § 157(d) and motion to remand this cause of action to the Circuit Court of Cook County, Illinois. Plaintiff's motion to withdraw is granted. However, for the reasons stated herein, plaintiff's motion to remand is denied, and this case is returned to the bankruptcy court for further proceedings.

## FACTS

Plaintiff J.D. Marshall International, Inc. ("Marshall") and defendant Redstart, Inc. ("Redstart") submitted certain conflicting claims to arbitration in July 1986. The arbitrators granted certain claims asserted by both parties which resulted in a net award of $38,000 in favor of Marshall. Redstart alleges several other claims not subject to arbitration exist against Marshall which far exceed and offset Marshall's claim under the arbitration award. Redstart's outstanding claims against Marshall now center in the bankruptcy court because on July 23, 1986, various creditors filed an involuntary petition against Marshall under Chapter 7 of the Bankruptcy Code ("the Code"), 11 U.S.C. § 101 *et seq.* Subsequently, on its own motion, Marshall converted the proceedings to a voluntary case under Chapter 11 of the Code.

On October 7, 1986, Marshall filed a complaint against Redstart in the Circuit Court of Cook County, Illinois to reduce the arbitration award to judgment. On October 14, 1986, Robert E. Wangard ("Wangard"), a partner at the law firm of Ross & Hardies and Redstart's registered agent, received in the mail a copy of Marshall's notice (dated October 9, 1986) and motion for confirmation of the arbitration award in the state court case. This motion was to be heard on October 23, 1986 before Judge Arkiss. Marshall, however, did not enclose a complaint or summons with the notice and motion. An attorney from Ross & Hardies attended the October 23 hearing apparently to inform the court and Marshall that Redstart had not been served.

At the hearing, Marshall's attorney handed Redstart's attorney a copy of the complaint. Later that day, the complaint was given to Wangard at the law firm.

On November 14, 1986, Redstart removed the state court case to the bankruptcy court pursuant to 28 U.S.C. § 1452 claiming jurisdiction existed under 28 U.S.C. § 1334(b). In response, Marshall filed a motion seeking a bankruptcy court order remanding the case to the Circuit Court of Cook County. Believing it lacked the authority to decide the motion to remand, the bankruptcy court denied Marshall's motion to remand without prejudice suggesting that the parties present the motion to the district court.

## II. DISCUSSION

Marshall advances three arguments in support of its motion to remand. First, Marshall asserts that Redstart failed to timely remove the action from state court pursuant to Bankruptcy Rule 9027 and 28 U.S.C. § 1452. Second, Marshall argues that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) require this court to decline hearing the removed proceeding. Finally, Marshall asserts that sufficient circumstances exist for this court to exercise its discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing the removed proceeding. Marshall's arguments will be addressed in turn.

Bankruptcy Rule 9027 prescribes the time periods within which an application for removal may be filed:

> If a case under the Code is pending when a claim or cause of action is asserted in a court other than a bankruptcy court, an application for removal may be filed in the bankruptcy court only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

The language of the 30–day limitation on filing an application for removal under Bankruptcy Rule 9027 derives from provisions of the removal statute applicable in the United States District Courts. 28 U.S.C. § 1446(b). This court has previously found the 30–day period in § 1446 applicable to cases removed under § 1452. *See State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 473 (N.D.Ill.1985). Thus, the issue raised by Marshall's first argument is whether Redstart's November 14, 1986 application for removal was timely.

■ Marshall takes the position that the notice and motion for confirmation of the arbitration award received on October 14, 1986 by Redstart's registered agent was sufficient to trigger the 30–day period during which Redstart was able to petition the state court for removal. Yet, Marshall does not attempt to dispute the assertion by Redstart that no complaint or summons was received by Redstart or its attorneys until October 21, 1986. The language of 28 U.S.C. § 1446 and Bankruptcy Rule 9027 clearly states that the 30–day period begins to run at the time a copy of the initial pleading setting forth the claim or cause of action sought to be removed is received by the nonmovant. The initial pleading stating the claims to be removed in the present case is the complaint filed by Marshall on October 7, 1986 in the state action. Since Redstart first received Marshall's complaint on October 23, 1986, Redstart had at least until November 22, 1986 to file an application for removal. Redstart's application filed on November 14, 1986 was thus timely under Bankruptcy Rule 9027 and 28 U.S.C. 1452.

Marshall next argues that this court must abstain from hearing the removed action pursuant to 28 U.S.C. § 1334(c)(2) because, as a case merely related to a Title 11 petition, no independent basis for federal jurisdiction exists. Section § 1334(c)(2) states in relevant part:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11, with respect to which an action could not have been commenced in a court of the United States

absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable to appeal or otherwise.

28 U.S.C. § 1334(c)(2). Interpreting § 1334(c)(2), this court has ruled that "a district court must abstain from hearing a pure state law claim where there is no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding (including where the debtor is a party) and where the claim can be timely adjudicated in state court." *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 472 (N.D.Ill.1985).

Applying this test to the case at bar, no dispute exists that the action to confirm the arbitrator's award is a pure state law claim and that the sole basis asserted for federal jurisdiction is § 1334. The parties disagree, however, on whether the claim can be timely adjudicated in state court. Redstart asserts that if the removed proceeding is remanded, it will assert all claims made against Marshall in the bankruptcy proceedings as permissive counterclaims to reduce or eliminate any net judgment award for Marshall. Contrary to Marshall's assertion that its claim "involves the essentially ministerial act of the state court entering judgment on the arbitration award," Redstart argues substantial litigation in the state court will occur. Redstart also notes that if the case is remanded, the bankruptcy proceedings will be unnecessarily prolonged because administration of the debtor's estate could occur only after resolution of the state court action.

■ Where a dispute exists, the party motioning for mandatory abstention under § 1334(c)(2) carries the burden of proving the action can be timely adjudicated in the state forum. Courts discussing whether the timely adjudication element exists examine the following factors: (1) backlog of the state court's calendar, (2) status of the bankruptcy proceeding, (3) complexity of

issues; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *See In re DeLorean Motor,* 49 B.R. 900, 911 (Bankr. E.D.Mich.1985); *In re Boughton,* 49 B.R. 312, 315–16 (Bankr.N.D.Ill.1985), *aff'd.* 60 B.R. 373 (N.D.Ill.1986). Examination of the foregoing factors is undertaken to determine whether allowing the state court action to proceed will have any unfavorable effects on the pending bankruptcy petition as it is clear that § 1334(c)(2) does not mandate abstention where irreparable delay will result or injury to the estate or its creditors will occur. *In re DeLorean Motor Co.,* 49 B.R. at 911; *In re Butcher,* 46 B.R. 109, 113 (Bankr.N.D.Ga.1985).

■ Although no exact information is available, it is well known that the Cook County court system is among the most overcrowded in the nation. Commonly, cases languish for four or five years before parties are afforded a trial on the merits. Although the pending bankruptcy proceedings are presently not nearing completion, little doubt exists the estate will be ready for administration or liquidation well before a trial on the merits in the state courts would occur. Irrespective of the result in the state court, the bankruptcy proceedings will be delayed as either new assets or claims would exist for the bankruptcy court to administer. Thus, a substantial likelihood exists that if the proceeding is remanded to the state court, serious and unnecessary delay in administration or liquidation of the estate would result potentially injuring the estate and its creditors. Based on the foregoing discussion, Marshall has clearly failed to demonstrate that the action could be timely adjudicated in the state courts. As such, the mandatory abstention provisions of § 1334(c)(2) are inapplicable to the case at bar.

■ Finally, Marshall argues that proper circumstances exist for discretionary abstention under § 1334(c)(1).[1] Section § 1334(c)(1) provides:

Nothing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for state law, from abstaining from a hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

■ Marshall notes that its claim is premised solely on state law and would involve the essentially ministerial act of the state court's entering judgment on the arbitration award. Marshall argues that under the circumstances, inequity would result if "it were required to have its claim ensnared in the complexity of the bankruptcy proceeding." Marshall suggests that this court's ruling in *In re Sweeney,* 49 B.R. 1008 (N.D.Ill.1985), is supportive of its motion. In that case, this court addressed whether discretionary abstention under § 1334(c)(1) was appropriate where a debtor had filed an adversary complaint in the bankruptcy court asserting novel claims under Illinois usury laws. No basis independent of § 1334 existed to confer the bankruptcy court with jurisdiction to hear the debtor's adversary claims. Prior to filing the adversary complaint, the debtor instituted a class action suit based on identical claims in the state court. At the time the debtor filed the adversary complaint, he was actively litigating the class action case before the Illinois Appellate Court.

Because the debtor's bankruptcy petition was filed before the effective date of § 1334(c)(2), this court addressed whether discretionary abstention under § 1334(c)(1) was appropriate. After reviewing the provisions of § 1334(c)(1), this court observed that "abstaining from this action would not tread on the state court's toes. In addition, failure to abstain would put this court in the position of deciding a novel question of law under Illinois' usury statute. Such a decision could impinge on the respect for state law enunciated in § 1334(c)(1)." *Id.* at 1010. Based on the fact that the adversary claim had no basis for federal jurisdiction other than its relation to the bankruptcy proceeding and that the debtor's adver-

---

1. Marshall also argues § 1452(b) requires remand. Because equitable considerations relevant under § 1452(b) and § 1334(c)(1) are essentially identical, this court's treatment of voluntary abstention under § 1334(c)(1) also applies to Marshall's § 1452(b) argument.

sary action presented a novel question of state law best left for adjudication by the state courts, this court abstained from exercising jurisdiction pursuant to § 1334(c)(1). *Id.* at 1011.

*In re Sweeney,* however, differs from the case at bar in that no novel issues of state law are presented in the removed action. Although Redstart vows to file permissive counterclaims if the action is remanded, no argument is made that these counterclaims will entail resolution of unsettled matters of state law. In Marshall's own words, confirming the arbitration award is "essentially a ministerial act." Thus, the circumstances in the present case and in *In re Sweeney,* are substantially different. Without the assertion that novel issues of state law are present in the removed action, courts have found general considerations of comity and respect for state court processes insufficient to warrant § 1334(c)(1) abstention. *See e.g., Ram Constr. Co., Inc. v. Port Authority of Allegheny County,* 49 B.R. 363, 367 (W.D.Pa. 1985) (abstention denied where debtor's contract action posed no unsettled question of state law and raised no issue of comity). *Harley Hotels, Inc. v. Rains Int'l, Ltd.,* 57 B.R. 773, 781–82 (M.D.Pa.1985) (abstention refused where decision would not require resolution of unsettled matters of state law, questions as to interpretation of the state constitution, or matters of important state policy).

As previously noted, if this action were remanded, substantial delay is likely to result in the pending bankruptcy proceeding. Courts considering whether to abstain voluntarily have examined the extent to which abstention would affect the outcome of the bankruptcy proceeding. *In re Boughton,* 49 B.R. 312, 316 (Bankr.N.D.Ill.1985) (if proceeding will have no effect on the estate, abstention is proper; however, where proceeding will effect amount or existence of creditors' dividends, abstention is inappropriate). The facts in the present case suggest that if the state action were allowed to proceed, the estate and its creditors will be adversely affected. As observed earlier, little doubt exists that the estate will be ready for liquidation or ad-

ministration well before a trial on the merits in the state courts would occur. Because administration or liquidation of the estate could take place only after the state action is resolved, a substantial likelihood exists that the estate and its creditors will suffer a lengthy and prejudicial delay.

In light of the fact that the removed action presents no novel questions of state law and a remand would result in a substantial delay in processing the pending bankruptcy case, this court declines to exercise its discretion under § 1334(c)(1) to abstain. Accordingly, this matter is returned to the bankruptcy court for further proceedings.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to withdraw is granted, but motion to remand is denied. As all matters have been resolved, this action is returned to the bankruptcy court for further proceedings.

IT IS SO ORDERED.