In re Michael G. COAN, Debtor.

Cynthia CRANE, Plaintiff,

v.

Michael G. COAN, Defendant.

Bankruptcy Nos. 86B7678, 88A0250.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 29, 1988.

Ariel Weissberg, Weissberg & Associates, Ltd., Chicago, Ill., for defendant.

John P. Messina, Chicago, Ill., for plaintiff.

## MEMORANDUM AND ORDER

SUSAN PIERSON DEWITT,
Bankruptcy Judge.

This matter is before the Court on the Motion to Dismiss of Michael G. Coan, the Debtor ("Debtor"). The Debtor seeks dismissal of a complaint brought by Cynthia Crane ("Crane") for a declaration regarding the validity of a mechanic's lien. The motion to Dismiss is premised on the Debtor's assertion that this Court lacks subject matter jurisdiction over this proceeding. In the alternative, the Debtor moves that the Court abstain from hearing this matter.

The mechanic's lien claim in question has been filed by the Debtor against Crane and the other owners of record of three condominium units located at 750 Willow, Chicago, Illinois (Those units are collectively referred to as "750 Willow"). As described below, the timing of the events giving rise to the alleged lien is at issue in this proceeding.

### Factual Background

The Debtor and two others are alleged to have formed a partnership to develop 750 Willow in 1982. Crane alleges that the Debtor and his partners were also beneficial owners of a land trust holding title to 750 Willow. Construction of the condominium units began in 1982, and occupancy permits were issued in 1984.

Crane acquired the beneficial interest in Unit A of 750 Willow by a deed dated September 1, 1984. That deed was recorded on November 30, 1984. Over a year later, on May 17, 1986, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Code"). On or about December 29, 1987, the Debtor filed a mechanic's lien claim for $47,500.00 against the owners of record of 750 Willow. The claim relates to architectural and general construction contracting services under a contract purportedly made in March, 1982 and completed on December 20, 1987.

The lien claim was filed post-petition, more than one-and-a-half years after the Petition in bankruptcy. Although the formation of the underlying construction contract and the sale to Crane were undisputedly pre-petition, the Debtor argues that all services giving rise to the lien were performed post-petition, on or after May 17, 1986. As support for that proposition, the Debtor notes that he has not listed any claim against the owners of 750 Willow in his Amended Schedule of Assets and Property, filed on August 17, 1988.

Based on these assertions as to the timing of his services, the Debtor argues that his rights against the owners of 750 Willow are post-petition earnings from services, and hence, not property of the estate under § 541(a)(6) of the Code. If so, the Court would lack jurisdiction over this proceeding, e.g., *Matter of Kubly*, 818 F.2d 643, 645 (7th Cir.1987); *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987).

Should the Court find that it has jurisdiction, but only as a related proceeding, the Debtor does not consent to the entry of a final order or judgment by this Court. Alleging that the proceeding should instead be brought in state court, the Debtor would move for mandatory abstention under 28 U.S.C. § 1334(c)(2). The Court addresses, in turn, the jurisdiction and abstention issues.

## Jurisdiction

Crane argues that this is a "core" proceeding, since she seeks a determination of the validity, extent or priority of a lien under 28 U.S.C. § 157(b)(2)(k). According to Crane, the Debtor's lien rights are property of the estate, as the rights arise from services allegedly rendered pre-petition. These lien rights, if any, may mean that Crane owes money to the estate. Crane's connection to the estate is not that of a creditor, however, as Crane has not filed a claim in this bankruptcy case.

■ Given these facts, this is not a "core" proceeding. The fact that a debtor claims a lien on another's property does not make the proceeding a "core" proceeding under 28 U.S.C. § 157(b)(2)(k). *First National Bank of Geneva v. Biallas (In re Denalco)*, 57 B.R. 392, 394–395 (N.D.Ill. 1986). "Core" jurisdiction under § 157(b)(2)(k) only relates to liens encumbering other property of the estate. *Id.* Here, Debtor alleges a lien encumbering Crane's condominium unit; the alleged lien does not encumber property of the estate. Thus, § 157(b)(2)(k) does not confer "core" jurisdiction upon this Court.

■ On the other hand, this Court has jurisdiction over this proceeding as a matter "related to" the bankruptcy case. 28 U.S.C. § 157(c)(2). Where a proceeding involves a potential cause of action by a debtor against a party, which party has not filed a claim against the estate, the proceeding is a "related" proceeding. *Sokol v. Massachusetts Mutual Life Insurance Co. (In re Sokol)*, 60 B.R. 294, 296 (Bankr.N.D. Ill.1986). Proceedings to identify estate property are also within bankruptcy court jurisdiction over matters "related to" the case. *See Matter of Xonics, Inc.*, 813 F.2d at 131.

■ As stated previously, the Debtor's lien rights, if any, are property of the estate if they arose pre-petition. Since the timing of the Debtor's services may be determined in deciding Crane's motion,[1] the proceeding might identify property of the estate. Therefore, this is a matter "related to" the case within the meaning of § 157(c)(2).

Having determined that it has jurisdiction over this proceeding as a matter related to the bankruptcy case, this Court next considers whether abstention is appropriate.

## Abstention

■ The Debtor moves for mandatory abstention under 28 U.S.C. § 1334(c)(2). That Section sets forth the following essential requirements of a motion for mandatory abstention: (1) that there be no other basis for federal jurisdiction other than its relatedness to a bankruptcy proceeding, and (2) that the claim can be timely adjudicated in state court. *J.D. Marshall International, Inc. v. Redstart, Inc.*, 74 B.R. 651, 654 (N.D.Ill.1987); *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 472 (N.D.Ill.1985). If the motion is disputed, movant has the burden of proof on the existence of these two elements. *See J.D. Marshall, Inc.*, 74 B.R. at 654.

This is a disputed motion for abstention, since Crane argues that this is a "core" proceeding. Nonetheless, despite Crane's opposition, the Debtor has not made the allegations required under § 1334(c)(2). In particular, the Debtor has made no assertion regarding the time needed to adjudicate Crane's motion in state court. Since the Debtor has not met the necessary burden of proof, the Court denies the motion for mandatory abstention under § 1334(c)(2).

Nonetheless, the Court will exercise its discretion, under 28 U.S.C. § 1334(c)(1), to abstain from hearing this proceeding.

■ Section 1334(c)(1) provides that district courts may abstain from hearing proceedings "in the interest of justice, or in the interest of comity with State courts or respect for State law ..." The novelty of

---

1. As part of her arguments under § 6 of the Illinois Mechanics' Lien Act, *see* discussion *infra,* Crane would seek to establish that work on 750 Willow took place over a period exceeding three years. Thus, as a necessary incident to resolution of the state law issues, the timing of the Debtor's services would need to be determined.

a state law issue may be a decisive factor in making the decision to abstain. *See J.D. Marshall International, Inc. v. Redstart, Inc.*, 74 B.R. at 655–656. Where the dispute's relationship to the estate is tenuous at best, there is additional reason to abstain. *See Maryland National Industrial Finance Corp. v. Gold Dust Coal Co.*, 49 B.R. 288, 292 (Bankr.N.D.Ill.1985). Both of these factors are present here.

Crane's motion raises a number of arguments under Illinois law. One of those arguments relates to § 6 of the Illinois Mechanic's Lien Act, Ill.Rev.Stat. ch. 82, §§ 1–39 (1987), which provides that:

> In no event shall it be necessary to fix or stipulate in any contract a time for payment in order to obtain a lien under this act, provided, that work is done or material furnished within three years from the commencement of said work or the commencement of furnishing said material.

Ill.Rev.Stat. ch. 82, § 6 (1987). Crane interprets that section as generally barring a claim for lien where over three years elapse between the commencement of work and the completion of that work, unless the contract provides otherwise. This interpretation of § 6 appears to be a novel one, not previously discussed in reported decisions. State courts are more competent to decide a novel issue such as this, as well as the other mechanics' lien issues involved in this case.

The estate's right to any lien on Crane's property is also tenuous at best, since the state court would have to first determine the existence of pre-petition lien rights. Even assuming a finding that such rights exist, it is somewhat doubtful the trustee would pursue them.

Crane's interest in 750 Willow has been the subject of a complaint to recover a fraudulent conveyance by the Trustee. That proceeding was settled upon the Trustee's Application to Compromise, which included a cash settlement of $1,000.00 with Crane. Presumably, the Trustee accepted Crane's payment as full compensation for the estate's interest in 750 Willow. Thus, even if a state court

were to determine that the Debtor's services were rendered pre-petition, the Trustee may have little basis for maintaining that the estate's lien rights remained unpaid.

For both the above reasons, the Court will exercise its discretion under 28 U.S.C. § 1334(c)(1) to abstain from hearing this proceeding.

THEREFORE, IT IS HEREBY ORDERED that this adversary proceeding is dismissed.