**PAN AMERICAN WORLD AIRWAYS, INC., Debtor-In-Possession, Plaintiff,**

v.

**EVERGREEN INTERNATIONAL AIRLINES, INC., Defendant.**

**EVERGREEN INTERNATIONAL AIRLINES, INC., Petitioner**

v.

**PAN AMERICAN WORLD AIRWAYS, INC., Respondent.**

Nos. 91 Civ. 0078, 91 Civ. 3238.

United States District Court, S.D. New York.

Sept. 10, 1991.

Whitman & Ransom, New York City (Thomas G. Bailey, Jr., Lawrence N. Chanen, of counsel), for plaintiff, respondent.

Weil, Gotshal & Manges, New York City (Michael K. Stanton, of counsel), for defendant, petitioner.

## OPINION AND ORDER

LEISURE, District Judge,

These actions arise out of the alleged breach of Aircraft Maintenance Service Agreements ("Maintenance Agreements") entered into by the parties in 1986 and 1989. Plaintiff–Respondent Pan American World Airways, Inc. ("Pan Am") is current-ly a debtor-in-possession, having filed a petition for reorganization in the United States Bankruptcy Court for the Southern District of New York on January 8, 1991. Pan Am continues to manage and operate its businesses and properties under Sections 1107 and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 1107 & 1108.

Pan Am's First Amended Complaint asserts seven causes of action arising out of alleged breaches of the Maintenance Agreements by Defendant–Petitioner Evergreen International Airlines, Inc. ("Evergreen"). In addition to initiation of this suit, Pan Am served on Evergreen a Notice of Lien and Sale relating to an aircraft engine owned by Evergreen and serviced under the Maintenance Agreements. To avoid sale of this engine Evergreen commenced a Special Proceeding in the Supreme Court of the State of New York. Pan Am removed this Special Proceeding under 28 U.S.C. § 1452(a), and it is also before this Court.

Evergreen asserts that both of the suits—Pan Am's to recover under the Maintenance Agreement and Evergreen's to prevent the sale of its aircraft engine pursuant to the lien—arise out of or relate to Pan Am's Chapter 11 case. Evergreen therefore now moves this Court to transfer both actions to the United States Bankruptcy Court for the Southern District of New York. For the following reasons, the motion is granted.

## Background

The facts of the dispute underlying these actions present a classic breach of contract case. However, the actions between Pan Am and Evergreen that are before the Court are complicated by Pan Am's filing of a petition for reorganization under chapter 11, title 11 of the United States Code.

On August 21, 1986, Pan Am and Evergreen entered into a Maintenance Agreement. An Amended Maintenance Agreement was executed on August 9, 1989. Among other provisions, the 1989 contract provided that Pan Am would "schedule all services on the [covered] Aircraft, including routine and non-routine maintenance

items ..." *See* Amended Maintenance Agreement, at 12. It was further agreed that Pan Am would "be the sole source for repair/overhaul" of covered engines and quick engine change units, collectively known as the powerplant. *See* Amended Maintenance Agreement, at 16.

Pan Am claims that it has provided $12,-376,625.93 worth of services and parts to Evergreen for which Evergreen has failed to make payment. In its First Amended Complaint, filed on April 10, 1991, Pan Am raises claims for this amount sounding in breach of contract, account stated, and unjust enrichment. Pan Am also raises claims against Evergreen for $91,505 and $153,794, alleging breaches of subleases on certain premises at, respectively, John F. Kennedy Airport in Jamaica, New York and Los Angeles International Airport. Referring to the exclusivity provisions in the Maintenance Agreements, Pan Am asserts a claim for $1,500,000, based on Evergreen's alleged employment of other contractors to service its engines and planes. Pan Am's final cause of action, for $450,-000, relates to damage it claims occurred to an aircraft engine it subleased to Evergreen.

Evergreen raises a broad range of affirmative defenses in its Answer to Pan Am's First Amended Complaint. Addressing the merits of Pan Am's claims for damages, Evergreen points to a Letter Agreement, executed by the parties on February 17, 1990. Evergreen claims that there is $3,150,000 credit remaining under this Letter Agreement which should be applied as a setoff against Pan Am's claims. Evergreen also claims to have made $12,-500,000 in payments to Pan Am from April to June of 1990, payments that it claims have been allocated to pay for the parts and services for which Pan Am is currently suing.

Evergreen raises another affirmative defense in its Answer that also serves as the basis for the instant Motion. This defense focuses on Pan Am's chapter 11 case and directs this Court's attention to a General Reference Order of the United States District Court for the Southern District of New York issued by Acting Chief Judge Ward on July 10, 1984 and to 28 U.S.C. § 157(a), which the Order implements. Evergreen asserts that, pursuant to the Order, this suit must be referred to Judge Blackshear and become part of the claims processing procedure in the Bankruptcy Court, because it either arises out of or relates to Pan Am's chapter 11 case.

In addition to filing the instant suit with this Court, Pan Am, on April 18, 1991, caused a Notice of Lien and Sale to be served on Evergreen pursuant to New York Lien Law § 201. The lien was claimed on an aircraft engine, numbered 685759, and related to expenses Pan Am claims to have incurred in repairing this engine pursuant to the Amended Maintenance Agreement. The $1,112,858.95 claimed by Pan Am for service of engine 685759 and sought to be satisfied by the lien is also included in the claims asserted in the First Amended Complaint. *See* Plaintiff's Memorandum of Law in Opposition to Motion to Transfer Actions to Bankruptcy Court ("Plaintiff's Response"), at 2. In response to this Notice of Lien and Sale Evergreen brought a Special Proceeding in the Supreme Court of the State of New York, New York County, on April 25, 1991, for a judgment dismissing and cancelling the lien. On May 13, 1991, Pan Am removed Evergreen's New York State Supreme Court action to this Court pursuant to 28 U.S.C. § 1452(a).

Evergreen now moves this Court to refer both the Maintenance Agreement and the Lien Actions to Judge Blackshear of the United States Bankruptcy Court for the Southern District of New York, before whom Pan Am's Chapter 11 case is currently pending.

*Discussion*

The statutory authority for Evergreen's motion is found in 28 U.S.C. § 157(a), which provides that:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11

shall be referred to the bankruptcy judges for the district.

This statute was implemented by a General Reference Order issued by Acting Chief Judge Ward of the United States District Court for the Southern District of New York on July 10, 1984. The Order states that:

> Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

■ 28 U.S.C. § 157 also delineates the jurisdiction of the bankruptcy court. Under Section 157(b)(1) bankruptcy judges can enter orders and judgments in "core proceedings," as defined in Section 157(b)(2)(A)–(O). A bankruptcy judge can only hear a non-core matter if it is related to a case under title 11, and must submit proposed findings of fact and conclusions of law for final order or judgment of the district court. *See* 28 U.S.C. § 157(c)(1). Thus, whether a matter can be referred to a bankruptcy judge under Section 157(a) and whether the matter is within the jurisdiction of the bankruptcy court involve the same inquiry: core proceedings and non-core proceedings that are related to title 11 proceedings are within the jurisdiction of the bankruptcy court and can be referred to the bankruptcy judge.

■ Evergreen contends, and the Court agrees, that referral to the bankruptcy court is automatic if the two pending cases fall within the terms of the General Reference Order and if the bankruptcy court has jurisdiction over the matter. *See Alliance Communications Group, Inc. v. Northern Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y.1986) ("Referral to the bankruptcy court ... is immediate and automatic"); *see also Citibank, N.A. v. Park–Kenilworth Indus., Inc.*, 109 B.R. 321 (N.D.Ill. 1989) (transfer to bankruptcy court under local rule is mandatory if suit is core or non-core and otherwise related to title 11 case). Therefore, it is incumbent upon this Court to determine whether these two ac-tions arise in or relate to a case under title 11, requiring referral to the bankruptcy court.

■ Evergreen first contends that the two actions before this Court are core proceedings that arise in a case under chapter 11. It points to the contractual relationship between the parties and argues persuasively that Pan Am's claims in this action are actually counterclaims to the claims Evergreen will be making in Pan Am's chapter 11 case; further, Evergreen states that the claims it plans to file in the chapter 11 case are the same as the defenses it is raising before this Court. *See* Memorandum of Law in Support of Motion to Transfer Actions to the Bankruptcy Court, at 2 n. 1 & 8 ("Defendant's Memorandum").

So characterized, the claims to be filed by Evergreen in the bankruptcy proceeding and Pan Am's counterclaims are both core proceedings under 28 U.S.C. § 157(b)(2)(B) ("allowance or disallowance of claims against the estate") and 28 U.S.C. § 157(b)(2)(C) ("counterclaims by the estate"). Though Pan Am may respond that the actions before this court are non-core, state law breach of contract and lease actions that must remain in this Court, this argument fails. When a creditor files a proof of claim it submits itself to the bankruptcy court's equitable power, and the claims, even though arising under state law, become core proceedings within the jurisdiction of the bankruptcy court. *See Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1389–90 (2d Cir.1990); *Interconnect Tel. Serv. v. Farren*, 59 B.R. 397, 400–01 (S.D.N.Y.1986). Additionally, 28 U.S.C. § 157(b)(3) provides that the determination that a proceeding is non-core "shall not be made solely on the basis that its resolution may be affected by State law."

Evergreen asserts that the action to dismiss the lien is a core proceeding under 28 U.S.C. § 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens"). However, Section 157(b)(2)(K) only confers core status on suits concerning liens en-

cumbering property of the debtor's estate. *See Crane v. Coan (In re Coan)*, 95 B.R. 87, 89 (Bankr.N.D.Ill.1988); 1 King, Collier on Bankruptcy ¶ 3.01[2][b][iii], at 3–42–43 (15th ed. 1991). In contrast, the lien asserted by Pan Am concerns an engine owned by Evergreen, a creditor. Nevertheless, the action to cancel the lien, like that for breach of the Maintenance Agreements, can still be classified as a core proceeding, contingent upon Evergreen's filing claims against the estate in the bankruptcy proceeding that encompass the causes of action and defenses asserted herein.

Pan Am places great reliance on its argument that a lawsuit commenced before the debtor files a chapter 11 petition should not be referred to the bankruptcy court under 28 U.S.C. § 157(a). However, Pan Am provides no support for this position, and it is unsupported by the case law. For example, in *Alliance Communications Group, supra,* 65 B.R. at 582–83, Alliance brought a breach of contract action in March, 1986 and subsequently filed a bankruptcy petition in May, 1986. Despite this procedural sequence, Judge Sweet referred the contract action to the bankruptcy court. The notion that prepetition causes of action are not a proper subject for consideration by the bankruptcy court is also undercut by 11 U.S.C. § 541(a)(1), which provides that the debtor's estate includes "all legal and equitable interests of the debtor in property as of the commencement of the action." The estate includes prepetition causes of action possessed by the debtor, and any recovery inures to the benefit of the estate. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n. 9, 76 L.Ed.2d 515 (1983) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5868); *Seward v. Devine,* 888 F.2d 957, 963 (2d Cir.1989). Thus, Pan Am's argument relying on the timing of the actions must fail.

■ Even were this Court to find that these actions are not core proceedings, they would still be referred to the bankruptcy court under the mandatory terms of the General Reference Order, as cases related to a proceeding under title 11. Related proceedings include "causes of action owned by the debtor that became property of the estate under section 541." 1 Collier, *supra,* ¶ 3.01[1][b][iv]. As explained above, the causes of action asserted by Pan Am, including the attempt to recover on these claims by assertion of a lien on Evergreen's aircraft engine, are property of the estate. The actions are therefore related to a case under title 11, and must be referred to the bankruptcy court.

The conclusion that the cases before this Court are related to Pan Am's title 11 case is buttressed by Pan Am's admission that the cases are related to the title 11 proceeding. *See* Plaintiff's Response at 5–6. In fact, Evergreen's action to cancel the lien is before this Court only because Pan Am asserted that the lien, which seeks to recover expenses incurred under the Maintenance Agreements, is related to the title 11 case.

Pan Am's removal of Evergreen's state court action under 28 U.S.C. § 1452 was premised on two grounds giving this Court original jurisdiction under 28 U.S.C. § 1334(b) & (d). Pan Am claimed, first, that the state court action to dismiss the lien "is related to a case under Title 11 of the Code and will directly affect Pan Am's estate, and, [second,] that the Action concerns property of Pan Am as a debtor in a case under Title 11." Respondent's Application for Removal of a Civil Action, at 3. Having removed Evergreen's action to dismiss and cancel the lien to federal court based only on the adverse impact the action would have on the bankruptcy estate, and having admitted in its moving papers that both actions are related to the bankruptcy proceeding, Pan Am cannot now object to referral of the actions to the bankruptcy court.

■ That the bankruptcy judge may have to submit proposed findings of fact and conclusions of law if he determines that the case is non-core but related to the title 11 case does not prevent referral of

the action to the bankruptcy court.[1] As discussed above, reference of non-core cases related to title 11 proceedings is automatic. The fact that the bankruptcy judge can only issue proposed findings and conclusions "is irrelevant to the issue of referral." *Alliance Communications Group, supra,* 65 B.R. at 585.

Pan Am claims that "lump[ing] the claims into one pot" in the bankruptcy court is a waste of judicial resources. *See* Plaintiff's Response, at 5–6. However, allowing the suit to proceed in this Court would actually fractionalize the proceedings and waste judicial resources, because the automatic stay provision of 11 U.S.C. § 362(a) bars Evergreen from raising its claims or seeking setoffs in any forum except the bankruptcy court. *See City of New York v. Exxon Corp.,* 932 F.2d 1020, 1023 (2d Cir.1991) ("11 U.S.C. § 362(a) stays the commencement or continuation of all proceedings against a debtor that were or could have been commenced before the debtor filed for bankruptcy."). Evergreen is submitting to the jurisdiction of the bankruptcy court: the claims in the actions currently before this Court will necessarily arise in the bankruptcy proceeding and be resolved in the regular course of claims administration. Therefore, the wisest use of judicial resources calls for referral of the cases to the bankruptcy court.

Finally, Pan Am requests this Court to "deem" these cases withdrawn from the bankruptcy court pursuant to 28 U.S.C. § 157(d). *See* Plaintiff's Response, at 6. However, Pan Am makes no attempt to demonstrate the cause required by 28 U.S.C. § 157(d) to justify withdrawal of the reference, and its request is denied.

### Conclusion

For the foregoing reasons, Defendant–Petitioner Evergreen's motion is granted. These actions are hereby referred to the Honorable Judge Cornelius Blackshear, United States Bankruptcy Judge for the Southern District of New York.

SO ORDERED

---

1. The determination whether a case is a core proceeding or a non-core matter related to a case under title 11 is made by the bankruptcy judge. *See* 28 U.S.C. § 157(b)(3).