**DELCON CONSTRUCTION CORP., Plaintiff,**

v.

**BOARD OF EDUCATION OF the CITY OF YONKERS, NEW YORK. Defendant.**

No. 03 Civ. 6028(JGK).

United States District Court, S.D. New York.

Sept. 19, 2003.

Leonard I. Spielberg, Harold, Salant, Strassfield Spielberg, White Plains, NY, for Plaintiff.

Michael L. Moskowitz, Richard E. Weltman, Weltman & Moskowitz, LLP, New York, NY, for Defendant.

### OPINION AND ORDER

KOELTL, District Judge.

The Court has received the correspondence from the parties. This action was originally brought by the plaintiff, Delcon Construction Corp. ("Delcon"), in state court in New York. (Notice of Removal ¶ 1.) Delcon subsequently filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code on June 9, 2003.

(*Id.* ¶ 2.) Delcon then removed the action to this Court pursuant to 28 U.S.C. § 1452(a). (*Id.* ¶ 1.) The defendant has filed a motion to remand to state court. The Court refers the action to the bankruptcy court because the action is related to Delcon's Chapter 11 proceeding before Bankruptcy Judge Adla Hardin, Jr.

District courts are vested with non-exclusive jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Section 157(a) of Title 28 further provides district courts with discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district." This statute was implemented in this Court by a General Reference Order issued on July 10, 1984, by then Acting Chief Judge Robert J. Ward. The order states as follows:

> Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgship Act of 1984, any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district.

*Worldcom Network Servs., Inc. v. Al–Khatib,* No. 96 Civ. 4492, 1998 WL 23254, at *2 (S.D.N.Y. Jan.22, 1998).

 It is well established that this Order requires referral to the bankruptcy court if the pending case falls within the terms of the General Reference Order and if the bankruptcy court has jurisdiction over the matter. *See id.; Pan Am. Airways, Inc. v. Evergreen Int'l Airlines, Inc.,* 132 B.R. 4, 6 (S.D.N.Y.1991); *Alliance Communications Group, Inc. v. N. Telecom, Inc.,* 65 B.R. 581, 585 (S.D.N.Y. 1986) ("Referral to the bankruptcy court ... is immediate and automatic."). Sec-

tion 157 also delineates the jurisdiction of the bankruptcy court, and it draws a distinction between core and non-core proceedings. 28 U.S.C. § 157(b)(1), (c)(1). That distinction, however, "is irrelevant to the issue of referral" of a case to the bankruptcy court. *Alliance Communications Group,* 65 B.R. at 585. The question "whether a matter can be referred to a bankruptcy judge under Section 157(a) and whether the matter is within the jurisdiction of the bankruptcy court involve the same inquiry: core proceedings and non-core proceedings that are related to title 11 proceedings are within the jurisdiction of the bankruptcy court and can be referred to the bankruptcy judge." *Pan Am. Airways,* 132 B.R. at 7. The issue here, therefore, is whether this action "relates to" Delcon's Chapter 11 bankruptcy proceeding.

 The test applied in determining whether an action is related to a bankruptcy case is "quite broad." *Fed. Ins. Co. v. Sheldon,* 167 B.R. 15, 19 (S.D.N.Y.1994). A proceeding is related to a bankruptcy case "if the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (internal quotation marks and citation omitted).

 In this action, the plaintiff seeks to recover money damages for breach of contract, unjust enrichment, indemnification and delay and interference. (Notice of Removal ¶ 4.) The breach of contract claim alone seeks damages totaling over $800,000. (Compl.¶ 7.) It is plain that the "outcome of this action could conceivably have an effect on the ... bankruptcy estate because the claims in this action constitute potential assets of the estate." *Drexel Burnham Lambert Group v. Vigilant Ins. Co.,* 130 B.R. 405, 407 (S.D.N.Y. 1991) (addressing state declaratory judgment action and breach of contract suit

brought by debtor Drexel); *see also Orion Pictures Corp. v. Showtime Networks, Inc.,* 4 F.3d 1095, 1102 (2d Cir.1993) ("Any contract action that the debtor would pursue against a defendant presumably would be expected to inure to the benefit of the debtor estate and thus 'concern[s]' its 'administration.'"); *Rockefeller Ctr. Props. v. Lindy's Operating, Inc.,* 1995 WL 611183, at *2 (S.D.N.Y.1995) ("The Removed Actions allege amounts due ... in excess of one million dollars. This amount ... certainly will affect the estate being administered in bankruptcy."). It is conceivable that this action could have an effect on Delcon's bankruptcy estate for the simple reason that if Delcon were to prevail and win a money judgment, the estate would have substantially more assets at its disposal. Therefore, it is plain that this action is related to the bankruptcy case currently pending before Judge Hardin. The plaintiff's action is therefore referred to the bankruptcy court.

**SO ORDERED.**